[Civ. No. 17213.   Second Dist., Div. Two.   Dec. 12, 1949.]

H. J. WILSON, Appellant, v. LOS ANGELES COUNTY CIVIL SERVICE COMMISSION et al., Respondents.

Harmel L. Pratt for Appellant.

Harold W. Kennedy, County Counsel, and John B. Anson, Deputy County Counsel, for Respondents.

McCOMB, J.—From an order denying a petition for a writ of certiorari, petitioner appeals.

*Facts:* Petitioner alleged that respondents did not meet necessary legal requirements in giving a promotional examina-

tion for Los Angeles County Clerk. This petition was denied and a written order was entered to such effect.

The sole question necessary for us to determine is:

*Did the petition state a cause of action?*

■ This question must be answered in the negative and is governed by this rule: Where fact finding powers are conferred on a civil service commission, its determination will not be set aside unless it is (1) alleged and (2) proved that the board acted (a) arbitrarily, (b) capriciously, or (c) fraudulently. (*Dierssen* v. *Civil Service Com.*, 43 Cal.App.2d 53, 59 [110 P.2d 513], and cases cited therein.)

■ In the instant case the nearest to a compliance with the foregoing rule was this allegation of the petition: "That the Commission denied the contests of petitioner and permitted W. G. Sharp to participate in said examination, and the proceedings thereunder are included herein by reference as though fully set out."

Clearly such allegation did not meet the requirements of the rule and the petition failed to state a cause of action.

■ Petitioner also alleges, "That the inclusion of the name of W. G. Sharp on the eligible list for the position of County Clerk is an abuse of discretion and in excess of the powers of the Commission, and therefore unlawful and void." Such allegation is a pure conclusion of law and not a statement of fact and must therefore be disregarded. Therefore the trial court properly denied the application for a writ.

Affirmed.

Wilson, J., concurred.

MOORE, P. J.—I concur in the judgment of Mr. Justice McComb but think additional reasons in support of the order should be given.

The question for decision is whether the court below abused its discretion in refusing to issue a writ of certiorari to review the action of respondent commission.

### THE PETITION

The facts alleged in the petition are: pursuant to an interdepartmental promotional examination for the position of county clerk duly called by respondents, petitioner filed an application and competed therein. One W. G. Sharp applied and his application was contested by petitioner on the ground that Sharp did not meet the requirements for participation.

Such contest was denied by respondents. As a result of the examination, an eligible list for the position of county clerk was promulgated. Petitioner's appeal to the commission from the eligible list which was denied referred to the right of Sharp to have his name included on the eligible list and the right of the commission to include it. The list so promulgated includes the name of Sharp who had not worked at least six months including a probationary period in a permanent position to which appointment was made on a permanent basis from an eligible list promulgated in the manner provided by the charter of Los Angeles County nor does the said Sharp meet the requirements set by the commission for participation in the examination for the position of county clerk. Sharp has been acting as county clerk under a temporary appointment, the tenure of which does not qualify him for participation in an interdepartmental promotional examination, but from July 1, 1946, to October 5, 1948, Sharp has acted as executive assistant to the county clerk under an appointment contrary to the county charter respecting eligible lists and appointments in the county's classified service. At all times prior to the appointment of Sharp as executive assistant to the county clerk, he did not hold an appointment in the classified county service in any position for which the salary was greater than $186 per month. The inclusion of his name on the eligible list for county clerk is an abuse of discretion and in excess of the powers of the commission. The eligible list established by the commission for the position of county clerk does not set forth the names of the successful candidates in the order of their standing in examination, but sets forth their names in an order different from their standing in examination by the inclusion with such standing an arbitrary and unlawful credit for efficiency and seniority. While petitioner stood third in the order of standing in examination with a weighted average of 73.94 per cent with Harry J. Ostly and Garrett R. Breckenridge with weighted averages of 77.04 per cent and 74.65 per cent respectively, the commission arbitrarily added to the weighted average of each candidate in examination certain subjective credits for efficiency and seniority, determined without lawful authority or standards, varying from 6.15 per cent in the case of petitioner to 9.65 per cent in the case of Garrett Breckenridge. By reason of such arbitrary credits the commission exceeded its jurisdiction and abused its discretion. Petitioner's appeal from the examination on

the promulgated eligible list was denied by the commission March 9, 1949.

Neither answer nor demurrer to the petition was filed. However, pursuant to section 1107 of the Code of Civil Procedure respondents duly filed points and authorities in opposition to the granting of the writ. The statements contained in such document will be considered as a general demurrer. It appears (1) that an action is pending in the court below wherein it was alleged that the examination given prior to April, 1948, was void; that a peremptory writ of mandate was issued on October 5, 1948, to the commission to give a new examination for the office of county clerk and to advise the court on March 1, 1949, how it had executed the writ. It directed the commission to hold a new, competitive examination for that office. On March 1, 1949, respondents filed their return to such writ showing that the old list had been cancelled, that a new competitive examination had been ordered, and given, and that it was completed by February 1, 1949, in conformance with the county charter. In such return they alleged that appeals had been taken from the judgment of October 5, 1948, and prayed that the matter be continued until after the termination of the appeals. When the return on the writ was presented on March 1, 1949, the matter was continued to September 1, 1949. Such proceeding is now pending. The examination commanded in the judgment of October 5, 1948, is the same civil service examination as that referred to in the petition involved in this appeal and may be challenged in that proceeding. (Code Civ. Proc., §§ 430[3], 433, 597, 1049; 1 Cal.Jur., Abatement, §§ 4-17, pp. 23-38.)

The objections to the issuance of a writ show also that W. G. Sharp is a necessary party and that without him a valid judgment cannot be entered. (*Bank of California* v. *Superior Court*, 16 Cal.2d 516, 521 [106 P.2d 879].) Furthermore, the several allegations with respect (1) to the time Sharp had worked, (2) to his meeting the requirements of the commission, (3) to his appointment as executive assistant, (4) to the characterization of the ''credit for efficiency and seniority as arbitrary,'' are mere legal conclusions.

The petition is defective also in that it alleges substantially that the commission wrongfully decided that Sharp possessed the requisite qualifications. Making an erroneous decision is not the equivalent of saying that the board exceeded its jurisdiction. This court has no authority to interfere with

the judgment of administrative boards because the judgments of the latter might fairly have been otherwise. Such boards are vested with a broad discretion, the conclusions of which may not be upset unless an abuse clearly appears. (*Maxwell* v. *Civil Service Com.*, 169 Cal. 336, 339 [146 P. 869].) The acts of respondents in holding the examination complained of and in declaring the percentages earned by the several candidates were acts strictly within the jurisdiction of the commission and, in the absence of a showing of fraud, cannot be reviewed. (*Cook* v. *Civil Service Com.*, 160 Cal. 589, 596 [117 P. 663].)

The petition alleges the requirements for eligibility to take the examination to be as follows: ''Experience: At least 5 years' as the head of a County Department or a major division thereof or 5 years' equivalent staff or operating experience in the County Service. Completion of courses in law or administration is desirable . . .'' An allegation of error in judgment is an attack upon the quasijudicial determination of the commission which was that Sharp had enjoyed the necessary experience to qualify for the examination. In the absence of allegations of facts showing that respondents acted arbitrarily, fraudulently or capriciously in giving the examination or in declaring its results the petition for a writ of review does not state a cause of action. (*Dierssen* v. *Civil Service Com.*, 43 Cal.App.2d 53, 55, 59 [110 P.2d 513].) Under the Dierssen decision the petition is fatally defective in alleging merely that the commission denied the contests of petitioner, and permitted Sharp to participate in the examination and in attempting to allege the minutes of the commission's proceedings by reference. In the cited case (p. 63) the court held that the transcript of the proceedings cannot supply a deficiency in the allegations of the petition.

Another reason for the denial of the writ is the fact that the issues here presented are involved in the matter now pending in the same court. If the judgment entered in that proceeding should be unsatisfactory to petitioner his remedy by appeal will be available.

Clearly the court did not abuse its discretion in refusing to issue the writ.