[Civ. No. 16921.   Second Dist., Div. Three.   May 26, 1950.]

H. J. WILSON, Respondent, v. LOS ANGELES COUNTY CIVIL SERVICE COMMISSION et al., Appellants.

Harold W. Kennedy, County Counsel, Andrew O. Porter and John B. Anson, Deputy County Counsel, and Fred M. Cross for Appellants.

Harmel L. Pratt for Respondent.

SHINN, P. J.—H. J. Wilson and Earl O. Lippold together with certain individuals participated in a civil service examination for the office of county clerk. All nine candidates passed the examination. Wilson's name was ninth on the eligible list and Lippold's was first. Appointment to the office is limited to the first three names on the list by section 34(6) of the Los Angeles County Charter. Wilson's appeal to the Civil Service Commission was denied. He thereupon filed the present proceedings in the superior court seeking by certiorari to annul the eligible list. Upon order of the court Lippold was brought in as an indispensable party. The voluminous return to the writ of review was not controverted by petitioner. The court concluded that the examination was violative of the county charter, and treating the petition as one in mandamus gave judgment in favor of petitioner and issued a peremptory writ of mandate requiring the commission to cancel the eligible list and to hold a complete new examination in conformity with the charter and with the principles set forth in a memorandum opinion of the court which had been previously filed. All defendants have appealed from the judgment.

The petition challenged the validity of the examination on nine separate grounds. The court made findings in respect to only one of the grounds urged, namely, that the oral phase of the examination was not competitive, was based principally upon subjective standards and that no record was made or kept showing the basis of rating of the candidates. The judgment recited that further findings and conclusions had been expressly waived by all the parties. In proceedings involving certain motions made after judgment however, it appears from a statement of the trial judge that counsel for petitioner Wilson did not waive findings, although it is not questioned that appellants did so.

■ Appellants contend that the recent decision of the Supreme Court in the case of *Almassy* v. *Los Angeles County Civil Service Com.,* 34 Cal.2d 387 [210 P.2d 503], which involved a substantially identical oral examination conclusively establishes that the present examination was competitive, that the record kept was sufficient to show the basis of rating, and that the standards used were adequate within the meaning of the charter requirements. Comparison of the records in the two cases compels us to conclude that appellants' contention is correct. The only difference in the evaluation procedures and standards employed is that a confidential report of the candidates' departmental superior officer was not

required or used in the present examination as it was in the Almassy case. The mere "general qualifications appraisal record" forms were used in both instances and the conduct of the oral interviews and methods employed for translating the examiners' notations into a numerical value were practically identical. Petitioner testified that in his oral interview he was asked only three questions, one, as to why he wanted to be county clerk, another, as to what changes in procedures and organization he would effectuate as county clerk and, a final question, whether there was anything further that he wished to state. A judge of the superior court, who was one of the oral examiners, also testified to the effect that he and the other two examiners questioned each of the candidates with respect to experience, education, personal fitness and the other items listed on the appraisal form. Respondent, upon whom the burden of proof rested, made no effort to obtain the testimony of the other examiners and candidates relating to the actual conduct of the oral interviews. The testimony to which we have referred in no way sustains respondent's contention that the oral phase of the examination did not test the relative ability of the various candidates. Likewise, in view of the Almassy opinion, respondent's contention that no measurable standards evaluating the candidates on the oral phase of examination were employed, cannot be sustained. As the Supreme Court there stated, a detailed definition of the various qualities listed for rating would have been "an unnecessary refinement insofar as effecting any more uniform application of grading the candidates. . . . Manifestly, a candidate's personality and attitudes cannot be measured through the mechanical application of fixed standards in the course of an interview, but the pattern thereof must develop in part according to the individual being tested and the precise line of procedure will reflect the skill of the examiner in achieving an appropriate appraisal, including the 'final evaluation' factor as a composite picture reflecting the end result of delicate weighing and balancing of the separate judgments on the personality factors." (*Almassy* v. *Los Angeles County Civil Service Com.*, 34 Cal.2d 387, 403, *supra*.) It follows that the findings of the trial court are not sustained by the evidence.

Respondent seeks to sustain the judgment on the ground that the evidence would support a finding that the examination was not impartial. The record is devoid of any evidence to

support this contention. He relies on the fact that respondent Lippold was appointed to the temporary office of county clerk a month before the examination was held and apparently contends that this influenced the result of the examination in which, as already stated, Lippold received the highest grade. A transcript of the proceedings before the board of supervisors at the time of Mr. Lippold's induction as temporary county clerk is replete with encomiums as to Lippold's character, qualities, and expressions of the personal esteem of the speakers. However, as the trial judge correctly observed, many of these remarks may properly be attributed to forensic license. There is no evidence that these proceedings were known to or influenced the actions of the commission or any of the well qualified oral examiners. ■ The mere fact that the recipient of a temporary appointment achieves highest honors in the subsequent examination provides no logical basis for an inference of favoritism; on the contrary, such a result is equally likely to be a vindication of the good judgment of the appointing authority in selecting the best qualified candidate for the temporary appointment.

Respondent does not contend that the judgment is supportable on any other theory. A careful examination of the voluminous record discloses sound reasons for this reticence. We have found no evidence which would have supported a finding favorable to respondent upon any of the other issues raised by his petition, and we are satisfied that the memorandum of the trial court's decision satisfactorily disposes of each of them. The absence of specific findings on these issues is therefore immaterial.

The judgment is reversed.

Wood, J., concurred.

Vallée, J., deeming himself disqualified, did not participate.