[Civ. No. 18104. Second Dist., Div. One. Sept. 19, 1951.]

H. J. WILSON, Appellant, v. LOS ANGELES COUNTY CIVIL SERVICE COMMISSION et al., Respondents.

H. J. Wilson, in pro. per., for Appellant.

Harold W. Kennedy, County Counsel, Andrew O. Porter and John B. Anson, Deputy County Counsel, for Respondents.

DRAPEAU, J.—To plaintiff's first amended complaint for declaratory relief, defendants interposed a demurrer, a motion to strike and a motion to dismiss. The latter motion was made upon the ground "that the declaratory relief sought is neither necessary nor proper at the time under all the circumstances." (Code Civ. Proc., § 1061.) Such motion was granted. The demurrer and motion to strike were ordered off calendar.

From the judgment of dismissal which followed, plaintiff appeals.

In his opening brief, appellant points out that this action in declaratory relief is the fourth proceeding between the parties hereto by which appellant has sought a determination of their respective rights and duties regarding civil service promotional examinations under the Los Angeles County charter, to wit:

1. Certiorari: After judgment setting aside an examination, respondent commission changed its rules, and nothing was accomplished;

2. Mandamus: The trial court set aside an examination, and on appeal by the commission, the judgment was reversed and remanded for a new trial. (*Wilson* v. *Los Angeles County Civil Service Com.*, 97 Cal.App.2d 777 [218 P.2d 547.) Meanwhile, the commission proposed certain charter amendments, which were adopted by the people.

3. Mandamus: Petition denied by the trial court. Now on appeal. Note: The judgment of the trial court was affirmed on appeal on April 12, 1951, and hearing was denied by the Supreme Court on June 11, 1951. (*Wilson* v. *Los Angeles County Civil Service Com.*, 103 Cal.App.2d 426 [229 P.2d 406].)

4. The instant action for declaratory relief.

The instant complaint contains eight causes of action. Briefly, the *first* challenges the right of respondent commission to certify the name of W. G. Sharp on any eligible list created as the result of a promotional examination, particularly the list promulgated on February 24, 1949, for the position of county clerk. It is alleged that Mr. Sharp did not meet the minimum requirements of the county charter or the rules of the commission for participation in any promotional examination, and that the inclusion of his name on that particular list was "arbitrary, capricious and in excess of the authority of said commission." In this connection, it is further alleged that Mr. Sharp's appointment on August 5, 1946, to

the position of executive assistant to the county clerk was void, because no examination was ever given, no one but Mr. Sharp applied to take it, and his name alone appeared on the list from which the appointment was made. Also, that from the time Mr. Sharp entered the service in 1937 as an "intern in government," appointment to most of the positions held by him were not made from eligible lists.

The *second* cause of action seeks a judicial determination to the effect that the commission acted arbitrarily, capriciously and fraudulently in holding that Mr. Sharp possessed the necessary experience requirements.

The *third* alleges that while article IX, section 34 (11) of the county charter provides among other things for promotion in the classified service based upon seniority, respondent commission's rule VIII, section 5, is contrary thereto because it limits credit for seniority in promotional examinations to that accruing for four years and seven months of service, and denies any credit for service beyond that period. Further, that this rule was used to appellant's prejudice in determining his standing on the eligible list for the position of county clerk.

The *fourth and fifth* causes of action attack the respondents' standards of efficiency and in particular the efficiency rating given to appellant by Mr. Sharp, when the latter was acting county clerk under a temporary appointment, which resulted in lowering appellant's standing on the eligible list for the position of county clerk.

The *sixth* alleges that the charter provides that the commission place successful applicants on an eligible list in the order of their standing in examination (Art. IX, § 34 (4)); that the commission wilfully disregarded this provision in creating the eligible list for county clerk, and arbitrarily and capriciously added credits for seniority and efficiency to the standing of such candidates, and then placed the successful candidates on the list according to their standing in the examination plus the arbitrary credits for efficiency and seniority.

The *seventh* cause of action alleges that it is the mandatory duty of the commission to call departmental promotional examinations and create an eligible list therefrom whenever there are qualified candidates within any county department wherein a promotional vacancy occurs, before the commission may call an interdepartmental promotional examination and create an eligible list therefrom to fill such vacancy.

In his *eighth* cause of action appellant alleges that a binding declaration of rights in this action respecting promotional examinations will determine all issues arising in the case of *Wilson* v. *Los Angeles County Civil Service Com.*, 97 Cal.App. 2d 777 [218 P.2d 547], in which this court reversed the judgment and remanded the cause for a new trial, while a decree in that case will have no effect upon the issues presented here.

Among other things, appellant prays that "the court construe the provisions of the Charter, and of the Rules of the Los Angeles County Civil Service Commission . . . relating to promotion within the classified service of Los Angeles County, and determine whether or not the Commission may hold a promotional examination for any position in the classified service that is not open to all qualified eligibles within the whole of said classified service."

Also, "that the Court declare the rights and duties of the parties hereto in the causes herein separately set out, and as to the matters therein stated; and for such other relief as may be proper."

While not so stated in the judgment of dismissal from which this appeal is taken, the record herein sustains an inference that the trial court granted respondents' motion to dismiss under section 1061 of the Code of Civil Procedure, because of the then pending appeals in the mandamus proceedings.

Many of the allegations of the instant complaint, as well as appellant's arguments in support thereof, are of necessity repetitions of averments contained in his several petitions for the writ of mandate, above mentioned.

The last of those to come before this court was *Wilson* v. *Los Angeles County Civil Service Com.*, 103 Cal.App.2d 426, 431 [229 P.2d 406], where it was held that the writ of mandate could not be employed to compel a public administrative body to act in a particular manner. And that courts should let such boards and officers work out their problems with as little judicial interference as possible.

Here the remedy sought is different. Appellant prays for a judicial declaration of the powers, rights and duties of the parties respecting the subject of promotional examinations for positions in the classified service of Los Angeles County. This involves not only the parties hereto, but indirectly affects all employees of the county. The judicial declaration of such rights and duties will require the courts to construe and

interpret article IX of the Los Angeles County charter, as well as certain rules and regulations of respondent commission which, it is alleged, are inconsistent therewith.

In *Hoyt* v. *Board of Civil Service Commrs. of City of Los Angeles,* 21 Cal.2d 399, 405 [132 P.2d 804], it was held that an action for declaratory relief to obtain an interpretation of the Los Angeles city charter could be properly maintained under the provisions of section 1060 et seq., Code of Civil Procedure.

A complaint seeking declaratory relief must, of course, allege facts which justify the declaration of rights or obligations in respect of a matter of ''controversy,'' the controversy being ''actual'' within the purview of section 1060, Code of Civil Procedure, and involving justiciable rights. ''Doubtless, the requirement is met by allegations showing a controversy respecting the rights of parties to a written instrument, accompanied by a request that these rights be determined and declared.'' 5 Cal.Jur. 10-Yr. Supp. (1944 Rev.) 131, § 30; and authorities there cited.

As was so aptly stated in the case of *Columbia Pictures Corp.* v. *DeToth,* 26 Cal.2d 753, 762 [161 P.2d 217, 162 A.L.R. 747]: ''Although under the declaratory relief statute (Code Civ. Proc., §§ 1060-1062a), wide powers have been conferred upon the trial court, its discretion is not unlimited. It is a legal or judicial discretion, hardened by experience into rule, and its exercise is subject to appellate review (Borchard, Declaratory Judgments, p. 299). As said by a text writer (Anderson, Declaratory Judgments, p. 525, § 172), 'It would seem to be a self-evident principle that this discretion is not an arbitrary one, and is not one that may be granted as a special favor, or one that may be exercised personally by the court; but is a sound judicial discretion and one that is controlled in a great measure by legal principles; and in consonance with the rule that the discretion exercised in these cases is a judicial or legal one, and must be bottomed upon good reason, it may be generally stated that such discretion is subject to review at the hands of appellate tribunals.' *Where, therefore, a case is properly before the trial court, under a complaint that is legally sufficient and sets forth facts and circumstances showing that a declaratory adjudication is entirely appropriate, the trial court may not properly refuse to assume jurisdiction; and if it does enter*

*a dismissal, it will be directed by an appellate tribunal to entertain the action. Declaratory relief must be granted when the facts justifying that course are sufficiently alleged."* (Italics added.)

Again, in *Lord* v. *Garland,* 27 Cal.2d 840, 852 [168 P.2d 5], it is said: "However, it is equally true that section 1061 of the Code of Civil Procedure, which allows the trial court to refuse to render a declaratory judgment, does not apply where, upon the facts stated, the plaintiff is entitled to some relief in connection with the matter which occasioned the controversy." See, also, *Kessloff* v. *Pearson,* 37 Cal.2d 609 [233 P.2d 899].

The complaint herein, while not a model pleading, sufficiently states a cause of action for declaratory relief. Consequently, the dismissal by the trial court amounted to an abuse of discretion.

The judgment is reversed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied October 17, 1951, and respondents' petition for a hearing by the Supreme Court was denied November 15, 1951. Traynor, J., and Spence, J., voted for a hearing.