[Civ. No. 8237.   Third Dist.   June 13, 1952.]

HAZEL NICKOLA, Petitioner, v. THE SUPERIOR COURT OF SUTTER COUNTY, Respondent; EARL NICKOLA, Real Party in Interest.

Thomas L. Bocci, Jr., and John A. Putkey for Petitioner.

Hewitt & McBride for Real Party in Interest.

SCHOTTKY, J. pro tem.—Petitioner filed in this court a petition for a writ of prohibition restraining the Superior Court of Sutter County from taking further proceedings in an action entitled *"Hazel Nickola vs. Earl Nickola."*

There is little, if any, dispute as to the facts.  On November 23, 1951, Hazel Nickola filed an action against Earl Nickola in the Superior Court of San Mateo County.  On December 7, 1951, defendant Earl Nickola filed a motion for change of place of trial to Sutter County.  On January 28, 1952, pursuant to a stipulation of the parties, previously made, an order was made by the Superior Court of San Mateo County transferring the action to the Superior Court of Sutter County.  On February 4, 1952, and before the papers and

files were transmitted to Sutter County, plaintiff Hazel Nickola filed with the county clerk of San Mateo County a "Dismissal Without Prejudice." On February 7, 1952, the county clerk of San Mateo County sent to the county clerk of Sutter County the files in the said action, including the dismissal without prejudice. On February 11, 1952, defendant, Earl Nickola, filed an answer and cross-complaint with the clerk of the Superior Court of Sutter County. On February 29, 1952, Hazel Nickola, plaintiff in said action and petitioner herein, filed a motion to strike defendant's answer and cross-complaint from the files, which motion was denied by the Superior Court of Sutter County on March 27, 1952.

The question to be determined is whether or not the dismissal without prejudice was effective to dismiss the action.

There can be no question as to the right of a plaintiff to dismiss an action at any time prior to the filing of a counterclaim, cross-complaint or demand for affirmative relief. (Code Civ. Proc., § 581.)

In *Rogers* v. *Transamerica Corp.*, 6 Cal.App.2d 340 [44 P.2d 635, the court said at page 341:

"The dismissal was made by the plaintiff under section 581 of the Code of Civil Procedure and it was accomplished without any intervention or action by the court and by simply filing with the clerk of the court a dismissal of the action as to those three defendants as is expressly authorized by that section. The effect was, *ipso facto,* to dismiss the case as to said defendants. (*Huntington Park Imp. Co.* v. *Superior Court,* 17 Cal.App. 692 [121 P. 701].) Under the situation which existed the plaintiff had an absolute right under said section to dismiss his action as to these defendants and the act of the clerk in filing the request with the papers of the case was merely a ministerial act. A defendant cannot, by making a demand for a change of venue, deprive the plaintiff of such right to dismiss, and the rule that no judicial action can be taken pending such a demand has no application." See, also, *Coburg Oil Co.* v. *Russell,* 100 Cal.App.2d 200 [223 P.2d 305], and *Lori, Ltd.* v. *Wolfe,* 85 Cal.App.2d 54, 61 [192 P.2d 112].

Respondent's counsel does not dispute the foregoing authorities but argues that after the order transferring the case was made on January 28, 1952, the Superior Court of San Mateo County no longer had any jurisdiction over the case, and that the dismissal without prejudice filed with the clerk of San Mateo County was therefore of no effect.

We are unable to agree with respondent's contention that the dismissal filed was of no effect. ▮ Plaintiff had an absolute right to dismiss the action prior to the filing of a counterclaim, cross-complaint or demand for affirmative relief. ▮ The dismissal without prejudice filed with the clerk of San Mateo County was entitled in the action involved, and whether it became effective on February 4, 1952, when filed in San Mateo County, or on February 7, 1952, when it was sent with the papers and files in the case to Sutter County, it is unnecessary to decide. If it did not become effective on February 4th, it certainly became effective when received and filed by the county clerk of Sutter County. The fact that the dismissal was addressed to the clerk of San Mateo County is unimportant; it was entitled in the action and was a direction to dismiss said action. No counterclaim, cross-complaint or prayer for affirmative relief having been filed at the time the dismissal without prejudice was filed by the clerk of Sutter County the action ceased to exist prior to the time defendant filed his answer and cross-complaint.

It follows from the foregoing that the Superior Court of the State of California in and for the County of Sutter has no jurisdiction to proceed further in said action.

Let a writ of prohibition issue restraining said superior court from taking any further proceedings in said action.

Adams, P. J., and Peek, J., concurred.