[Civ. No. 19901.   Second Dist., Div. One.   July 26, 1954.]

H. J. WILSON, Appellant, v. LOS ANGELES COUNTY
CIVIL SERVICE COMMISSION et al., Respondents.

H. J. Wilson, in pro. per., for Appellant.

Harold W. Kennedy, County Counsel, Andrew O. Porter and John B. Anson, Deputy County Counsel, for Respondents.

DRAPEAU, J.—This is the second appeal in an action for declaratory relief. The first amended complaint filed November 30, 1949, alleged eight causes of action.

In the first appeal, this court reversed a judgment of dismissal rendered by the superior court. (See *Wilson* v. *Los Angeles County Civil Service Com.*, 106 Cal.App.2d 572 [235 P.2d 620], for an analysis of said eight causes of action.)

After the reversal, defendants answered said complaint. Plaintiff demurred thereto and moved to strike certain specified portions.

In the meanwhile, defendants' motion to file an amended answer was granted. Again plaintiff demurred and made his motion to strike. Hearing thereon was set for January 9, 1953. On that day the trial court suggested that they "bring in these new parties (Ostly and Sharp) then forget your demurrers and motions and come in here on some specified day and try the case out on the merits." Plaintiff signified his willingness to go to trial on the merits: "to put on whatever evidence we have and both of us amend at the conclusion of it . . ." Both parties agreed that Ostly and Sharp be made parties defendant. The case was then continued to January 14th.

When the case was called plaintiff moved generally to amend his first amended complaint, because he thought he could improve it. The court denied this motion, but directed plaintiff to amend "to the extent of naming Mr. Ostly and Mr. Sharp parties defendant." Summons issued and their defaults were entered February 25th. On March 20th, the court set aside the defaults and permitted the new defendants to answer. Plaintiff objected to the county counsel representing the new defendants, and the trial court denied his motion to strike such appearance.

Plaintiff's motion for judgment on the pleadings as to the third, sixth and eighth causes of action was denied on March 30th, and trial on the merits was set for April 27, 1953.

On that day, plaintiff filed written request for entry of dismissals without prejudice as to defendants Ostly and Sharp and all causes of action. The county clerk refused such entry because "the answer sought affirmative relief."

On April 30th, when the case was called, plaintiff objected to further proceeding on the ground that the court was without jurisdiction because of the filing of his request for dismissals. He further objected that he had not waived ruling on his demurrers and motions to strike; and that the appearance of the county counsel on behalf of defendants Ostly and Sharp was violative of the provisions of the county charter.

These objections were overruled, the trial court holding that the attempted dismissals were ineffective because the answer sought affirmative relief; that "so far as the matter of failure to act upon preliminary matters is concerned, those matters were, by express or tacit stipulation, heretofore disposed of by substituting, by consent of counsel, a trial on the issues raised by the complaint and answer, both sides having waived any further action of the court upon those matters."

Plaintiff then refused to participate in the trial, stating he would "rely upon the jurisdictional effect of the dismissals heretofore filed."

On May 5th, the court on its own motion ordered that the minutes of January 9th be amended *nunc pro tunc*, by inserting therein the following:

"It was further stipulated that a ruling upon the pending motion and demurrer be waived, and the cause be continued for trial upon the merits to January 14, 1953, at 9:45 a. m."

On May 6th, the trial court ordered a declaratory judgment in favor of defendants. From that judgment plaintiff appeals. And in his notice of appeal, he requests review of seven specified minute orders made in the course of the instant proceeding.

Appellant has made a motion in this court to augment the clerk's transcript by including therein certain documents and papers which were filed in the trial court after filing of the clerk's transcript on appeal, to wit:

1. Objections to said transcript on appeal, written motion to strike therefrom and to augment the same.

2. Points and authorities in support of such objections.

3. Affidavit of appellant in rebuttal.

This motion is granted in order that the clerk's transcript may be complete.

In his statement on appeal appellant urges:

1. The *primary* issue is whether the trial court had juris-

diction to proceed to try the case on its merits after dismissals were filed pursuant to section 581, subdivision 1, Code of Civil Procedure.

2. A *second* issue is whether he waived rulings on his pending motions and demurrers and whether the trial court abused its discretion in proceeding with the trial on the merits.

3. A *third* issue is whether the trial court had jurisdiction to proceed with the trial on the merits in the face of appellant's objection to the county counsel representing Ostly and Sharp.

Respondents take the position that "the foregoing are the only issues on this appeal, and that appellant's so-called issues on the merits are not properly before this court."

This is the sixth opinion emanating from this court in actions brought by appellant against the Los Angeles County Civil Service Commission beginning in 1948: 95 Cal.App.2d 51 [212 P.2d 260]; 97 Cal.App.2d 777 [218 P.2d 547]; 103 Cal.App.2d 426 [229 P.2d 406]; 106 Cal.App.2d 572 [235 P.2d 620], and 112 Cal.App.2d 450 [246 P.2d 688].

Throughout this litigation appellant has sought his day in court—a trial on the merits. He finally met with success. But on the morning when the learned judge of the Superior Court of this county called the case for trial, appellant had already asked that it be dismissed.

While his action appears completely inconsistent with his expressed desire for a trial on the merits, appellant was entitled to dismiss if he could bring himself within the provisions of section 581, subdivision 1, Code of Civil Procedure. That section reads:

"An action may be dismissed in the following cases: 1. By the plaintiff, by written request to the clerk, filed with the papers in the case . . . at any time before the actual commencement of trial, upon payment of the costs . . . provided, that a counterclaim has not been set up, or affirmative relief sought by the cross-complaint or answer of the defendant."

The question for determination is whether affirmative relief was sought by respondents in their answer.

In *Simpson* v. *Superior Court*, 68 Cal.App.2d 821, 824-825 [158 P.2d 46], this court held that the expression "affirmative relief sought" as provided in section 581, *supra*, "does not include mere defensive matter, by whatever name it may be called. . . . By affirmative relief as used in section 581 . . . is meant *the allegation of new matter which in effect amounts to a counterattack.* In other words, the relief sought,

if granted, operates not as a defense but affirmatively and positively to defeat plaintiff's cause of action." (Emphasis added.)

And in *Estate of Somers,* 82 Cal.App.2d 757, 759 [187 P.2d 433], it is said: "An answer cannot be said to seek affirmative relief within the meaning of the Code of Civil Procedure, section 581, subdivision 1, unless it contains affirmative allegations or introduces new affirmative matter entitling the pleader to such relief."

A careful examination of the answers filed in this case discloses a series of admissions, denials both general and specific, and affirmative defenses. But they contain no allegations of new matter amounting to a counterattack.

In opposing the dismissals at the trial, respondents stated: "We should have an authoritative determination on the issues raised in the complaint in accordance with our answer."

Moreover, the prayer in each instance is that "the Court declare the rights and duties of the parties hereto in accordance with this answer to each of the causes of action herein."

Such prayers and said statement would further indicate respondents' intention to rest their case on the issues raised by their answers to the complaint and not upon any "affirmative relief sought."

While respondents assert that a final determination of the issues in this case would deprive appellant of his grounds for harassing the commission and other officials of the county, their answers contain no allegations of such harassment or other affirmative matter which would operate positively to defeat appellant's causes of action.

In *Nickola* v. *Superior Court,* 111 Cal.App.2d 620, 621 [245 P.2d 20], the court quoted from *Rogers* v. *Transamerica Corp.,* 6 Cal.App.2d 340, 341 [44 P.2d 635], to wit:

"The dismissal was made by the plaintiff under section 581 of the Code of Civil Procedure and it was accomplished without any intervention or action by the court and by simply filing with the clerk of the court a dismissal of the action as to those three defendants as is expressly authorized by that section. The effect was, *ipso facto,* to dismiss the case as to said defendants. (*Huntington Park Imp. Co.* v. *Superior Court,* 17 Cal.App. 692 [121 P. 701].) Under the situation which existed the plaintiff had an absolute right under said section to dismiss his action as to these defendants and the act of the clerk in filing the request with the papers of the case was merely a ministerial act."

Also, as stated in *Simpson* v. *Superior Court, supra,*

(68 Cal.App.2d 821, 825): ''The privilege of dismissing an action as provided by section 581 is designed to afford to the plaintiff a certain freedom of action within the limits prescribed that cannot be circumscribed indirectly. Any attempt to wrest such control in any manner except as provided and clearly intended by its provisions, is ineffective for all purposes.''

In the circumstances presented, appellant was entitled to dismiss the instant action.

Because of the conclusions reached on the primary issue of jurisdiction, it is deemed neither necessary nor advisable to discuss other questions raised by this appeal.

The judgment is reversed with directions to the trial court to proceed in accordance with the views herein expressed.

White, P. J., and Doran, J., concurred.