[Civ. No. 22467.    Second Dist., Div. Three.    Mar. 18, 1958.]

ROY V. FOSTER, Appellant, v. MASTERS PONTIAC COMPANY, INC. (a Corporation) et al., Respondents.

Roger J. Pryor and Pauline Day Bakst for Appellant.

Sidney A. Cherniss for Respondents.

VALLÉE, J.—Appeal from a judgment entered on an order sustaining a general and special demurrer to the third amended complaint, referred to as the complaint, without leave to amend.

The complaint alleges:

1. On November 24, 1953, plaintiff, as buyer, and defendant Masters Pontiac Company, called defendant, as seller, entered into an oral agreement whereby plaintiff agreed to buy a 1953 Pontiac for $3,653.53 and defendant agreed to take plaintiff's 1951 Kaiser in trade for a net allowance of $910; plaintiff agreed to pay the usual sales tax and license and transfer fees; plaintiff agreed to pay $233.35 cash and pay defendant $91.22 a month for six months, and it was agreed that at that time plaintiff could refinance at a lower figure. 2. At the time one Bruning, as agent of defendant, acting within the scope of his employment, represented to plaintiff that he would take plaintiff's 1951 Kaiser, pay off the encumbrance thereon, and trade his 1949 Hudson in its place, and that plaintiff would nevertheless receive the same net allowance of $910. 3. Thereupon the parties executed a conditional sales contract in writing titled "Car Order" for the sale of the Pontiac under which defendant delivered the Pontiac to plaintiff and plaintiff delivered the Kaiser to defendant. The "Car Order" is made part of the complaint. It is addressed to defendant; is dated November 24, 1953; is an order for a 1953 Pontiac with motor number; and states:

| | | |
|---|---|---|
| Price of Car | | $3,653.53 |
| Sales Tax | | 109.61 |
| License and Transfer | | 15.00 |
| Total | | $3,778.14 |
| Deposit Received | | $ 10.00 |
| Used Car Allowance | $1,395.00 | |
| Less Pay Off Security | | |
| First Compton | 485.00 | |

Net Allowance ................... $910.00
Cash on Delivery ................ 213.35

Total Credit ...................     $1,133.35

Unpaid Balance of Cash Price ......   $2,644.89
Insurance—Comprehensive Collision..   $   78.00

                                      $2,722.89
Total Time Payment Balance .......    $  109.85
Payable in CFC note to reduce .....   $   91.22

4. Concurrently with the signing of the "Car Order," defendant required plaintiff to sign another form titled "Contract of Conditional Sale" which was a printed form with none of the blanks filled in; defendant represented to plaintiff that it would be filled in to conform to the "Car Order."

5. About 10 days later plaintiff received a copy of the contract of conditional sale with words and figures typed in the blank spaces; the typed words and figures did not conform to the "Car Order." A copy of the contract of conditional sale is made a part of the complaint. The figures and promise inserted in it were:

Cash Selling Price ... $3,653.53    $109.61    $3,763.14(a)
                       ----------   --------
                       motor vehicle sales tax
Registration, Transfer and Title Fees .....        15.00(b)

    Lines (a) plus (b) ................    $3,778.14(c)
Less:
    Down Payment: Cash ....... $333.35
    Agreed Net Value Trade-In ...   810.00   $1,143.35(d)

Amount Unpaid on Cash Price (c) less (d)   $2,634.79(e)
Insurance,
    Comprehensive 12 Mos; Prem... $22.00
$50 Deductible
    Collision       12 Mos; Prem...   54.00
Towing and Road
    Service         12 Mos; Prem...    2.00
Total Insurance Premiums .............. $   78.00(f)
Unpaid Balance, (e) plus (f) ............ $2,712.79(g.)
Plus Time Price Differential ............. $  570.71(h)
Total Contract Balance Due Seller from
    Purchaser ........................ $3,283.50(i)

"which purchaser agrees to pay in instalments of $109.45, on the 10th day of each succeeding month for a period of 30 months, beginning 1-10-54." The contract sent plaintiff was not signed by defendant. It shows the sale of a new Pontiac.

6. Concurrently defendant required plaintiff to sign a promissory note in terms and conditions unknown to plaintiff and he never has received a copy of it. 7. The "Car Order" does not contain all of the agreements between the parties and is in violation of section 2982, subdivision (a) of the Civil Code in that: a. it did not specify the correct trade-in; b. it did not specify the kind of insurance, the premiums for fire and theft, comprehensive, or collision insurance coverage, nor the term of insurance charged to plaintiff; c. it did not specify the amount of the time-price differential; d. it did not specify the contract balance owed by the buyer to the seller; e. it did not specify the number of installments required to pay the contract balance, the amount of each installment, and the day of payment for each installment; f. it specified $15 as and for "license and transfer," whereas that fee was not payable by the seller at the time of the contract and should not have been charged to plaintiff. 8. The contract of conditional sale does not contain all or the true agreement and is in violation of section 2982, subdivision (a) of the Civil Code in that a copy was not delivered at the time of its execution. 9. Pursuant to the "Car Order," plaintiff has paid to defendant a down payment of $213.35, has traded in to defendant the 1949 Hudson of the agreed value of $910, and has paid to defendant $91.22 a month for the months of January through June, 1954, a total of $547.32. 10. On June 21, 1954, plaintiff returned the Pontiac to defendant on the ground the contract is unenforceable and it is now in its possession. 11. On June 23, 1954, defendant informed plaintiff the Pontiac had been placed in storage for plaintiff's protection to its damage in the sum of $2.00 a day.

The complaint alleges further: An actual controversy has arisen between plaintiff and defendant as to their respective rights and duties under the "Car Order" and the contract of conditional sale and as to the validity and enforceability of them in that plaintiff contends: they are invalid and unenforceable and the "Car Order" is in violation of Civil Code, section 2982, subdivision (a); plaintiff is under no obligation to make any further payment on any unpaid installments of the contract balance and is entitled to recover from defendant the cash he has paid and the agreed value of the car he traded in; defendant did not pay off the Kaiser as agreed; the Pontiac was a used car when delivered to plaintiff, and a license had previously been issued for it; plaintiff's interest and lia-

bility ceased on June 21, 1954. Defendant contends it is entitled to the balance due on the contract of conditional sale, and on default to repossess the Pontiac, sell it, and collect any deficiency from plaintiff; plaintiff wrongfully returned the Pontiac and defendant is entitled to charge him storage of $2.00 a day while it is in defendant's possession.

A second count is for money had and received. The prayer is for declaratory relief and for money under the second count.

As stated, the demurrer was general and special. The record does not disclose the ground on which the court sustained the demurrer without leave, a practice we have had occasion to severely criticize. (See *James* v. *Herbert,* 149 Cal.App.2d 741 [309 P.2d 91].)

The argument here centers entirely around the question whether the complaint states facts sufficient to constitute a cause of action for declaratory relief. We have concluded it does.

■ The rule that a complaint is to be liberally construed is particularly applicable to one for declaratory relief. (15 Cal.Jur.2d 159, § 32.) ■ It is elementary that questions relating to the formation of a contract, its validity, its construction and effect, excuses for nonperformance, and termination are proper subjects for declaratory relief. (15 Cal.Jur.2d 225, § 71.) ■ Section 1061 of the Code of Civil Procedure states the court may refuse to exercise the power to grant declaratory relief in any case where its declaration is not necessary or proper at the time under all the circumstances. This discretion is not unlimited. (See *Lawrence Barker, Inc.* v. *Briggs,* 39 Cal.2d 654, 663 [248 P.2d 897].) It is a legal or judicial discretion subject to appellate review, and declaratory relief must be granted when the facts justifying that course are sufficiently alleged. (*Kessloff* v. *Pearson,* 37 Cal.2d 609, 613 [233 P.2d 899].)

■ "[S]ection 1061 of the Code of Civil Procedure, which allows the trial court to refuse to render a declaratory judgment, does not apply where, upon the facts stated, the plaintiff is entitled to some relief in connection with the matter which occasioned the controversy." (*Lord* v. *Garland,* 27 Cal.2d 840, 852 [168 P.2d 5].) ■ "Where, therefore, a case is properly before the trial court, under a complaint which is legally sufficient and sets forth facts and circumstances showing that a declaratory adjudication is entirely appropriate, the trial court may not properly refuse to assume jurisdiction; and if it does enter a dismissal, it will be directed

by an appellate tribunal to entertain the action. Declaratory relief must be granted when the facts justifying that course are sufficiently alleged,'' (*Columbia Pictures Corp.* v. *DeToth,* 26 Cal.2d 753, 762 [161 P.2d 217, 162 A.L.R. 747].)

At the time in question, section 2982, subdivision (a) of the Civil Code provided:

''(a) Every conditional sale contract for the sale of a motor vehicle, with or without accessories, shall be in writing and shall contain all of the agreements between the buyer and the seller relating to the personal property described therein. It shall be signed by the buyer or his authorized representative and by the seller or its authorized representative, and when so executed an exact copy thereof shall be delivered by the seller to the buyer at the time of its execution. It shall recite the following separate items as such, in the following order:

''1. The cash price of the personal property described in the conditional sale contract.

''2. The amount of the buyer's down payment, and whether made in cash or represented by the net agreed value of described property traded in, or both, together with a statement of the respective amounts credited for cash and for such property.

''3. The amount unpaid on the cash price, which is the difference between Items 1 and 2.

''4. The cost to the buyer of an insurance, the premium for which is included in the contract balance.

''5. A description and itemization of amounts, if any, which will actually be paid by the seller or his assignee to any public officer as fees in connection with the transaction, which are included in the contract balance.

''6. The amount of the unpaid balance, which is the sum of Items 3, 4, and 5.

''7. The amount of the time price differential.

''8. The contract balance owed by the buyer to the seller, which is the sum of Items 6 and 7.

''9. The number of installments required to pay the contract balance, the amount of each installment, and the date for payment of the installments.''

██ ''According to the Carter case [*Carter* v. *Seaboard Finance Co.,* 33 Cal.2d 564 (203 P.2d 758)], 'The obvious purpose of the statute is to protect purchasers of motor vehicles

against excessive charges by requiring full disclosure of all items of cost' (p. 573 of 33 Cal.2d); the form and requisites prescribed by the statute are mandatory; a contract which does not substantially conform thereto is unenforceable; and a buyer who has made payments to the seller under such a contract may recover them because 'A member of the class for whose protection the statute was enacted is ordinarily not considered *in pari delicto* with those who violate the statute' (p. 574 of 33 Cal.2d)." (*Estrada* v. *Alvarez*, 38 Cal.2d 386, 389 [240 P.2d 278].)

We must assume, of course, that the facts alleged in the complaint are true. ■ Whether the "Car Order" or the conditional sale contract be taken as the contract it is manifest that it violates section 2982, subdivision (a). The "Car Order" did not "contain all of the agreements" of the parties relating to the personal property described therein. It appears to violate section 2982, subdivision (a), in at least some of the particulars specified in the complaint. The contract of conditional sale delivered to plaintiff was not signed by defendant and a copy of it was not delivered by defendant to plaintiff at the time it was signed by plaintiff. The "Car Order" did not recite the amount of the time-price differential. The "Car Order" recited the cash down payment as $213.35—the conditional sale contract recited it as $333.35. The "Car Order" recited the net allowance for trade-in as $910—the conditional sale contract recited it as $810. On substantially the same facts as alleged in the complaint at bar, the court in *Adams* v. *Caruso Enterprises, Inc.*, 134 Cal.App. 2d 403 [285 P.2d 1022], held the plaintiff was entitled to recover the payments made on the vehicle and the agreed value of a trade-in.

■ "A complaint seeking declaratory relief must, of course, allege facts which justify the declaration of rights or obligations in respect of a matter of 'controversy,' the controversy being 'actual' within the purview of section 1060, Code of Civil Procedure, and involving justiciable rights. 'Doubtless, the requirement is met by allegations showing a controversy respecting the rights of parties to a written instrument, accompanied by a request that these rights be determined and declared.' 5 Cal.Jur. 10-Yr.Supp. (1944 Rev.) 131, § 30; and authorities there cited." (*Wilson* v. *Los Angeles County Civil Service Com.*, 106 Cal.App.2d 572, 577 [235 P.2d 620].) ■ The facts justifying declaratory relief are sufficiently alleged. The complaint presents the existence

of an actual controversy as to which document, if either, is the contract, as to the validity of the alleged contract, and as to the justification of plaintiff's excuses for nonperformance.

Defendant makes no point with respect to the special demurrer. We have examined the specifications of uncertainty made below and find them inconsequential. They are largely matters which lie within the knowledge of defendant. A demurrer does not lie as to such matters. (*Schaefer* v. *Berinstein*, 140 Cal.App.2d 278, 298 [295 P.2d 113].) The trial court abused its discretion in sustaining the demurrer.

The judgment is reversed with directions to the superior court to overrule the demurrer.

Shinn, P. J., and Wood (Parker), J., concurred.