[Civ. No. 33956. Second Dist., Div. Four. Feb. 9, 1970.]

HARRY KLINGHOFFER, Plaintiff and Respondent, v.
BUDDY R. BARASCH, Defendant;
SHIRLEY LEE BARASCH, Intervener and Appellant.

## COUNSEL

Ryan & Traxler and Sidney Traxler for Intervener and Appellant.

H. H. Reisman and James A. Schmiesing for Plaintiff and Respondent.

No appearance for Defendant.

## OPINION

**JEFFERSON, J.**—Appellant Shirley Barasch brings this appeal following the dismissal of her complaint in intervention which she filed in an action brought by respondent Harry Klinghoffer against her husband, Buddy Barasch.

On February 19, 1968, respondent commenced an action against defendant Barasch, seeking to recover a total of $48,000 on four promissory notes allegedly executed by defendant in favor of respondent. On the same date a writ of attachment was issued. Pursuant thereto the sheriff levied on certain real property owned jointly by appellant and defendant. The latter made no appearance in the action. On March 11, 1968, appellant filed a notice of motion for leave to intervene on the ground she had an interest in the litigation, an interest against both defendant and respondent.

In a supporting declaration, appellant alleged that she and defendant were then engaged in divorce litigation which was set for trial on March 22, 1968; her ownership interest in the property attached by respondent, and certain other property which would be determined to be community property in the divorce litigation, was threatened by respondent's suit against defendant; defendant did not intend to defend the action but intended to allow respondent to secure a default judgment against him in order that payment of the judgment might be made from the attached property and other property in which she has an interest; defendant actually owed no debt to respondent; any debt was the debt of a corporation; respondent's action was the product of a scheme by her husband and respondent to use the judicial processes to obtain payment of debts not actually owned by defendant from property in which appellant has an interest.

On March 18, 1968, the court granted appellant's motion to intervene and gave her 20 days time in which to file a complaint. The motion was unopposed. The time to file was extended until May 8, 1968, by a subsequent order on the ex parte application of appellant's attorney.

On April 1, 1968, respondent filed a request for entry of dismissal with prejudice of the entire action. The dismissal was entered on the same date. On April 4, 1968, respondent caused the attachments to be released.

On May 7, 1968, within the time for which leave was granted to file her pleading, appellant filed the complaint in intervention. It in substance alleges that respondent and her husband had conspired to cheat and defraud her out of her interest in property owned jointly with her husband, by having respondent bring the trumped up action against him on nonexistent debts, having the property levied on, with the ultimate intention of levying execution on the property after entry of a default judgment. The complaint further alleges that the dismissal was entered when they realized appellant was aware the suit was fraudulent; that, because of their fraudulent actions, appellant was damaged through the incurring of counsel fees and other costs totaling $10,000. The complaint additionally prays for an award of $100,000 in exemplary damages.

On May 31, 1968, respondent specially appeared and moved to quash service and to dismiss the complaint in intervention. On June 21, 1968, the court granted the motion. The order of dismissal was filed the same day.

The superior court dismissed appellant's complaint in intervention because the court concluded that, since it was not filed until after respondent had secured the order of dismissal, appellant had not become a party to the action. Appellant was given leave by the court to intervene on March 18, 1968, prior to respondent's request for dismissal on April 1,

1968. The complaint in intervention was filed on May 7, 1968, within the time allowed by the court.

Code of Civil Procedure, section 387, in pertinent part, states: "At any time before trial, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court and served upon the parties to the action. . . ."

█ It is appellant's contention that, because she was granted leave to intervene prior to the dismissal, she became a party at that time and is entitled to carry on the action on her complaint in intervention despite the dismissal of the main action. Assuming that appellant did become a "party" for some purposes, it does not follow that the action was not subject to dismissal.

Code of Civil Procedure, section 581 provides: "An action may be dismissed in the following cases:

1. By plaintiff, by written request to the clerk, filed with the papers in the case, or by oral or written request to the judge where there is no clerk, at any time before the actual commencement of trial, upon payment of the costs of the clerk or judge; provided, that a counterclaim has not been set up, or affirmative relief sought by the cross-complaint or answer of the defendant.

5. The provisions of subdivision 1, of this section, shall not prohibit a party from dismissing with prejudice, either by written request to the clerk or oral or written request to the judge, as the case may be, any cause of action at any time before decision rendered by the court. Provided, however, that no such dismissal with prejudice shall have the effect of dismissing a counterclaim or cross-complaint filed in said action or of depriving the defendant of affirmative relief sought by his answer therein."

In a case coming within this statute, where no affirmative relief has been sought in the pleadings, the privilege of dismissing belongs to the plaintiff, and may be exercised by him without the knowledge of the parties or the consent of the court. (*Wilson* v. *Los Angeles County Civil Service Com.*, 126 Cal.App.2d 679 [273 P.2d 34].)

We assume that a complaint in intervention, on file with the consent

of the court, may constitute a request for affirmative relief which will prevent a dismissal of the action under section 581, subdivision 1 or 5. But where a complaint in intervention seeks only to resist the plaintiff's cause of action, plaintiff still retains the privilege of a voluntary dismissal, which will apply to the intervener as well. (*Henry* v. *Vineland Irr. Dist.,* 140 Cal. 376 [73 P. 1061].)

In the case at bench, prior to the dismissal, appellant had not filed any pleading at all. The only thing she had done was to obtain leave to file a pleading, and to obtain orders extending the time within which she might plead. Appellant is in no different position than a defendant named in a complaint, who obtains an extension of time to plead, and then finds that plaintiff has dismissed the action before any answer or counterclaim or cross-complaint has been filed. Under section 581, the action has been terminated, and no further pleading by anyone is appropriate.

Appellant cites *Bogardus* v. *Santa Ana Walnut Growers Assn.,* 41 Cal. App.2d 939 [108 P.2d 52] as supporting her position. Actually that case aptly illustrates the distinction which is pointed out above. In *Bogardus,* the plaintiffs brought an action against the defendant association to recover a fund in which plaintiffs allegedly had an interest. The defendant demurred to the complaint. Other members of the association intervened and filed their own demurrer to the complaint as well as their own complaint to recover the fund for themselves and others similarly situated. The trial court sustained the demurrers and dismissed the original complaint. The appellate court affirmed, and pointed out (at pp. 951-952) that the dismissal of the plaintiffs' complaint did not dispose of the complaint in intervention.

In the *Bogardus* case, prior to the dismissal, the interveners had filed their own complaint seeking affirmative relief. In the case at bench the intervener had never filed any pleading prior to the dismissal of the action.

The order is affirmed.

Files, P. J., and Kingsley, J., concurred.