[Civ. No. 18949. Second Dist., Div. One. July 28, 1952.]

H. J. WILSON, Appellant, v. LOS ANGELES COUNTY CIVIL SERVICE COMMISSION et al., Respondents.

Lionel Richman for Appellant.

Harold W. Kennedy, County Counsel, Andrew O. Porter and John B. Anson, Deputy County Counsel, for Respondents.

DRAPEAU, J.—By his petition of April 12, 1948, the plaintiff Wilson sought a writ of certiorari to annul an eligible list promulgated on November 25, 1947, as the result of an examination theretofore held for the position of county clerk of Los Angeles County.

On October 5, 1948, the trial court ruled in favor of petitioner Wilson and issued a peremptory writ of mandate requiring defendant commission to cancel such eligible list and hold a new examination not later than February 1, 1949. Thereupon Mr. Earl O. Lippold, who had been appointed county clerk from the disputed eligible list, resigned effective as of midnight of October 5, 1948. At a meeting held that day, defendant commission cancelled said eligible list and appointed Mr. W. G. Sharp acting county clerk pending

another examination. As a result of the examination held February 1, 1949, a new list was promulgated on February 24, 1949, and Mr. H. J. Ostley was appointed county clerk.

In March of 1949, plaintiff filed another petition for writ of certiorari to cancel the eligible list of February 24th, on the ground that it was void. He appealed from a denial of his petition, and this denial was affirmed by this court on December 12, 1949. (*Wilson* v. *Los Angeles County Civ. Serv. Com.*, 95 Cal.App.2d 51 [212 P.2d 260].)

In the meantime, to wit, on November 17 and 18, 1948, plaintiff Wilson and defendant commission, respectively, appealed from the judgment of October 5, 1948. Plaintiff's appeal was later abandoned and on May 13, 1950, was dismissed. Defendant's appeal resulted in a reversal on May 26, 1950, of the judgment of October 5th. (*Wilson* v. *Los Angeles County Civ. Serv. Com.*, 97 Cal.App.2d 777 [218 P.2d 547].) Remittitur issued on July 26, 1950. Retrial of the cause was never set. More than a year elapsed, and on September 17, 1951, the trial court granted defendant's motion to dismiss the proceeding of April 12, 1948, and to discharge the writ of certiorari. This motion was made on the ground "that the issues in said action are moot and that the eligible list sought to be annulled herein is no longer in existence and has expired by operation of law and otherwise."

The instant appeal is from the order granting the motion to dismiss. Although a formal judgment of dismissal was subsequently entered, the minute order of September 17, 1951, from which this appeal is taken, may be considered a judgment and effective for all purposes pursuant to section 581d, Code of Civil Procedure.

When the instant motion to dismiss was made, the eligible list in question was no longer in existence. It was cancelled by respondent commission on October 5, 1948. On that day the trial court held that the list was void, whereupon the incumbent county clerk resigned. A temporary county clerk could be appointed only in the absence of an eligible list. (L. A. County Charter, rule 34, § 9.)

Rule 34, *supra*, authorizes the commission to prescribe rules for the classified service which shall have the force and effect of law, among others: "(4) For the creation of eligible lists upon which shall be entered the names of successful candidates in the order of their standing in examination. *Such lists shall remain in force not longer than two years.*" (Emphasis added.)

Authority to cancel an eligible list is given to the commission by its rule XI, section 3, to wit:

"When in the opinion of the Commission, a real emergency exists, any eligible list may be terminated; and in addition in cases where less than three names remain on an eligible list, any such list may be terminated. *Except when otherwise ordered, the period of eligibility for an eligible list shall be one year from the date of promulgation,* but the Commission may order that the period of eligibility be for a shorter period of time or in its discretion, may extend the period of eligibility, or may restore any eligible list which has expired, *provided no such extension or restoration shall extend the effective date of the list beyond the period of two years from the date of original promulgation of such list.*" (Emphasis added.)

Instead of extending the effective date of the list beyond the one year period provided, the commission cancelled it. Even though such cancellation were invalid, nonetheless, the list expired on November 25, 1948, by operation of law. However, appellant by his argument assumes that it remained in full force and effect until November 25, 1949—two years after its original promulgation. This assumption ignores the new list promulgated February 24, 1949, as result of the examination of February 1st, and from which the present incumbent of the office of county clerk was appointed. As hereinbefore stated, appellant's petition to cancel the new list was denied, and the denial affirmed on appeal. Hence it must be presumed that the new list was valid and not void, as claimed by appellant.

The word "moot" is usually defined as "A subject for argument; unsettled; undecided." (58 C.J.S. 1199.) "Discussion of a hypothetical case by students at the Inns of Court for practice. . . . That which can be argued; debatable; not decided, doubtful." (Oxford English Dict., 1933 ed.) "A discussion of fictitious causes by way of practice. To argue or plead in a supposed case." (Webster's New Internat. Dict., 2d ed., 1937.) "A moot question is one which has not been decided." (Bouvier's Law Dict.—Rawle's 3d rev., 1914.) "A subject for argument; undecided; unsettled. A moot point is one not settled by judicial decision. A moot case is one which seeks to determine an abstract question which does not arise upon existing facts or rights." (Black's Law Dict., 2d ed., 1910.)

Developing the theme of mootness, it is stated in 1 Corpus Juris Secundum, page 1012, Actions, section 17a: "A judicial

tribunal ordinarily may consider and determine only an existing controversy, and not a moot question or abstract proposition. . . . [A]s a general rule it is not within the function of the court to act upon or decide a moot question or speculative, theoretical or abstract question or proposition, or a purely academic question, or to give an advisory opinion on such a question or proposition. . . . Accordingly, a court ordinarily will not entertain an action or proceeding merely for the purpose of passing on a moot question or abstract proposition, unless . . . the determination of such question or proposition is necessary to the disposition of an actually pending controversy or unless some question of general public interest is involved." Again in section 17d of the same work: ". . . although a case may originally present an existing controversy, if before decision it has, through act of the parties or other cause, occurring after the commencement of the action, lost that essential character, it becomes a moot case or question which will not be considered by the court. (*Southern Pac. Co.* v. *Eshelman,* 227 F. 928; *Neill* v. *Five C. Refining Co.,* 79 Cal.App.2d 191, 193 [179 P.2d 818].)"

Appellant contends that "the question of mootness" is not here applicable since it was impliedly considered by the court on appeal (*Wilson* v. *Los Angeles County Civ. Serv. Com.,* 97 Cal.App.2d 777 [218 P.2d 547], and that decision became the law of the case.

■ "The doctrine of the law of the case is this: That where, upon an appeal, the supreme court, in deciding the appeal, states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout its subsequent progress, both in the lower court and upon subsequent appeal." (*Tally* v. *Ganahl,* 151 Cal. 418, 421 [90 P. 1049].)

An examination of the opinion in *Wilson* v. *Los Angeles County Civ. Serv. Com.,* 97 Cal.App.2d 777 [218 P.2d 547], reveals that the only principles or rules of law necessary to that decision were (1) that the oral evaluation procedure used by the commission was not subject to the objection that it was not competitive because based on "subjective" rather than "objective" standards; that the record kept was sufficient to show the basis of rating and that the standards used were adequate within the meaning of the charter requirements. (2) That the mere fact that the recipient of a temporary appointment achieves high honors in subsequent examinations

provides no logical basis for an inference of favoritism. The so-called question of mootness was not an issue in that case.

The only question presented by the original petition for certiorari herein was the validity of the eligible list of November 25, 1947. ▪▪▪ That list has long since expired, hence any decision regarding it would now be completely ineffectual. Moreover, appellant has failed to show wherein any public interest would be served by a retrial of the case.

If appellant is entitled to a determination of the rights and duties of the parties, as he here asserts, that relief can be given in his pending action for declaratory relief. (See *Wilson* v. *Los Angeles County Civ. Serv. Com.*, 106 Cal.App.2d 572, 576 [235 P.2d 620].)

For the reasons stated, the order appealed from is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied August 18, 1952.