Filed 5/28/13  In re L.O. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re L.O., a Person Coming Under the Juvenile Court Law. | B244855 (Los Angeles County Super. Ct. No. CK91961) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>M.P.,<br><br>        Defendant and Appellant. | |

APPEAL from orders of the Superior Court of the County of Los Angeles, Rudolph A. Diaz, Judge.  Affirmed.

Karen J. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, Stephen D. Watson, Senior Associate County Counsel for Plaintiff and Respondent.

**INTRODUCTION**

M.P. (father) appeals from the juvenile court's jurisdiction and disposition orders finding his minor son, M.P., a dependent child of the juvenile court. Father contends that there was not substantial evidence to support the juvenile court's jurisdictional findings under Welfare and Institutions Code section 300, subdivisions (b), (d), and (j)[1] that M.P. was at risk because of father's sexual abuse of S.P., M.P.'s older sister. We hold that father's appeal is nonjusticiable, and in any event, we reject father's contention. Accordingly, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 23, 2012, plaintiff and respondent Department of Family and Children's Services (Department) filed a detention report stating that on February 17, 2012, L.O., then a 15-year-old girl, S.P., then a 10-year-old girl, and M.P., then about a 21-month-old boy, came to the attention of the Department because of a referral alleging that father physically abused S.P. Father is the father of S.P. and M.P.; L.O. has a different father than S.P. and M.P.; and E.O. (mother) is the mother of all three children.[2]

A children's social worker (CSW) interviewed S.P., and S.P. said that father and mother physically abused her and engaged in domestic violence in her presence. When questioned about sexual abuse, S.P. stated that father had touched her breast and vaginal area "a few times." S.P. stated that the sexual abuse began when she was seven years old. She stated that father would sit near her on the couch and touch her clothes over her vagina while they were watching television. S.P. stated that father did not penetrate her, but he "[w]ould put his hand over [my vagina] and then remove it." S.P. stated that mother was present during the incidents of sexual abuse but mother "would only tell father to stop touching [S.P.]." S.P. said that she was afraid of father and believed he

---

[1]     All statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

[2]     Mother and L.O's father are not parties to this appeal.

would "hit her for speaking to her teachers about these problems." S.P. said she did not feel safe at home but would consider staying with mother if father were not there and if mother did not hit her anymore.

The February 23, 2012, detention report states that S.P. told two Los Angeles Police Department officers that father touched her vaginal area with his hands. According to a Los Angeles Police Department investigative report, S.P. told the officers that father touched her vagina over her clothing approximately five times during the prior year. Each incident occurred during the day while S.P. was on the living room couch. S.P. said on one occasion father touched her breast area.

S.P., L.O. and M.P. were taken into protective custody; S.P. and L.O. were placed in a foster home, and M.P. was placed with a paternal aunt. The Department filed a section 300 petition on behalf of the children, alleging non-accidental, serious physical harm under subdivision (a), failure to protect under subdivision (b), sexual abuse under subdivision (d), and risk to siblings under subdivision (j).

On February 23, 2012, the juvenile court found a prima facie case that the children were described by section 300, and detained them from parental custody. The juvenile court ordered monitored visits, and that the Department provide reunification services to the parents.

On April 16, 2012, the Department filed a jurisdiction/disposition report stating that on April 3, 2012, S.P. said that father would sexually abuse her in the bedroom or bathroom after she showered. S.P. said she would be wearing a robe and dressing, and father would look at and touch her vagina with his hand, and squeeze her breast. She said on other occasions she would be on the living room couch watching television and father would rub her vagina with his hands over her clothes. S.P. said she told mother of father's sexual abuse "numerous times," and that mother told father to stop touching her. On about June 20, 2012, the Department filed a last minute information for the court stating that on June 13, 2012, father enrolled in a sexual abuse program, and as of June 14, 2012, he had attended one session.

3

At the September 14, 2012, adjudication hearing, father and mother pled "no contest" to the petition allegations, as amended, of serious physical harm and domestic violence pled under section 300, subdivisions (a), (b) and (j), leaving the sexual abuse counts to be adjudicated by way of argument. The juvenile court accepted various Department reports into evidence and heard argument from counsel regarding the merits of the sexual abuse allegations.

At the adjudication hearing, the juvenile court sustained the petition as amended, found that the children were described by section 300, subdivisions (a), (b), (d), and (j), and declared S.P., M.P. and L.O. dependents of the juvenile court. With regard to the sexual abuse findings, the juvenile court sustained the following language alleged in the petition under section 300, subdivisions (b), (d), and (j): "On prior occasions in 2011, [father] sexually abused the child [S.P.] by fondling the child's vagina and breasts. [Mother] knew of the sexual abuse of the child by father and failed to take action to protect the child. The mother continued to allow the father to reside in the child's home and to have unlimited access to the child, resulting in the ongoing sexual abuse of the child by the father. Such sexual abuse of the child by father and the mother's failure to protect the child endangers the child's physical health, safety and well-being, creates a detrimental home environment and places the child and the child's siblings, [L.O.] and [M.P.], at risk of physical harm, damage, danger, sexual abuse and failure to protect." In sustaining the petition with regard to the sexual abuse findings, the juvenile court stated that, "[t]here's no question father touched [S.P.]. Father does admit to it, and I do believe the mother was aware of it. [¶] And I do think that the touching is just inappropriate. . . . He's a father. His job is to protect his children. . . . I don't know how he would not think he was wrong to touch his daughter in those areas where he did."

On October 31, 2012, the juvenile court made its dispositional orders, releasing the children to mother's custody and granting father monitored visits because father had agreed to move out of the home. The juvenile court ordered father to participate in sexual abuse counseling for perpetrators and individual counseling for sexual abuse, and

4

that father's visitation with all the children be monitored by a monitor approved by the Department.

## DISCUSSION

Although father's appeal was taken from both the juvenile court's jurisdiction and disposition orders, he does not question the disposition order. Father also does not challenge the juvenile court's findings that it had jurisdiction over M.P. under section 300, subdivisions (a), (b) and (j) based on the petition allegations of serious physical harm and domestic violence, or that he sexually abused S.P. or placed L.O. at risk of being sexually abused. Instead, father contends that there was not substantial evidence to support the juvenile court's jurisdictional findings that M.P. was at risk of being sexually abused by father. Father's appeal is nonjusticiable, and even if the appeal is justiciable, we hold that father's substantial evidence contention is not meritorious.

### A. Justiciability

Father admits that, "[A] reviewing court may affirm a juvenile court's finding of jurisdiction over a minor if any one of the statutory bases for jurisdiction that are enumerated in the petition is supported by substantial evidence . . . ." "When a dependency petition alleges multiple grounds for its assertion that a minor comes within the dependency court's jurisdiction, a reviewing court can affirm the juvenile court's finding of jurisdiction over the minor if any one of the statutory bases for jurisdiction that are enumerated in the petition is supported by substantial evidence. In such a case, the reviewing court need not consider whether any or all of the other alleged statutory grounds for jurisdiction are supported by the evidence." (*In re Alexis E.* (2009) 171 Cal.App.4th 438, 451.)

"[I]t is necessary only for the court to find that one parent's conduct has created circumstances triggering section 300 for the court to assert jurisdiction over the child. [Citations.] Once the child is found to be endangered in the manner described by one of the subdivisions of section 300[,] the child comes within the court's jurisdiction, even if

5

the child was not in the physical custody of one or both parents at the time the jurisdictional events occurred. [Citation.] For jurisdictional purposes, it is irrelevant which parent created those circumstances. A jurisdictional finding involving the conduct of a particular parent is not necessary for the court to enter orders binding on that parent, once dependency jurisdiction has been established. [Citation.] As a result, it is commonly said that a jurisdictional finding involving one parent is "'good against both. More accurately, the minor is a dependent if the actions of either parent bring [the minor] within one of the statutory definitions of a dependent.'" [Citation.] For this reason, an appellate court may decline to address the evidentiary support for any remaining jurisdictional findings once a single finding has been found to be supported by the evidence. (E.g., *In re Alexis E.*[, *supra*,] 171 Cal.App.4th [at p.] 451 [90 Cal.Rptr.3d 44] [addressing remaining findings only '[f]or [f]ather's benefit']; *In re Joshua G.* [(2005)] 129 Cal.App.4th [189,] 202 [when a jurisdictional allegation involving one parent is found supported, it is 'irrelevant' whether remaining allegations are supported]; *In re Shelley J.* (1998) 68 Cal.App.4th 322, 330, [79 Cal.Rptr.2d 922] [declining to address remaining allegations after one allegation found supported], superseded by statute on other grounds as stated in *In re Christopher C.* (2010) 182 Cal.App.4th 73, 82; *Randi R. v. Superior Court* (1998) 64 Cal.App.4th 67, 72 [74 Cal.Rptr.2d 770] [same].)" (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1491-1492.)

When "issues raised in [an] appeal present no genuine challenge to the court's assumption of dependency jurisdiction[,] . . . any order we enter will have no practical impact on the pending dependency proceeding, thereby precluding a grant of effective relief. For that reason, we find [such an] appeal to be nonjusticiable." (*In re I.A.*, *supra*, 201 Cal.App.4th at p. 1491.) "The many aspects of the justiciability doctrine in California were summarized in *Wilson v. L. A. County Civil Service Com.* (1952) 112 Cal.App.2d 450 [246 P.2d 688]: "'A judicial tribunal ordinarily may consider and determine only an existing controversy, and not a moot question or abstract proposition. . . . [A]s a general rule it is not within the function of the court to act upon or decide a moot question or speculative, theoretical or abstract question or proposition,

6

or a purely academic question, or to give an advisory opinion on such a question or proposition . . . .'" (*Id*. at pp. 452-453.) An important requirement for justiciability is the availability of 'effective' relief—that is, the prospect of a remedy that can have a practical, tangible impact on the parties' conduct or legal status. "'""It is this court's duty '"to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."'"'"" [Citations.]" (*In re I.A*., *supra*, 201 Cal.App.4th at p. 1490.)

The juvenile court found that it had jurisdiction over M.P. based on the petition allegations, as amended, of serious physical harm and domestic violence pled under section 300, subdivisions (a), (b) and (j). Father does not challenge these findings, nor is mother a party to this appeal. Father's appeal therefore is nonjusticiable. (*In re I.A*., *supra*, 201 Cal.App.4th at p. 1491.)

Father "requests [that we] reach the merits of [his] challenge because the finding of jurisdiction as to him could be prejudicial or could potentially impact the current or future dependency proceedings, including all visitation orders between father and son, and future placement with father, and return of custody to the father." This contention is conclusionary and speculative, and father does not develop it further. As the court explained in *People v. Stanley* (1995) 10 Cal.4th 764, 793, it is not the role of a reviewing court to independently seek out support for appellant's conclusory assertions, and such contentions may be rejected without consideration. (See also *Alvarez v. Jacmar Pacific Pizza Corp*. (2002) 100 Cal.App.4th 1190, 1206, fn. 11 ["It is not our responsibility to develop an appellant's argument"]; *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106 ["An appellate court is not required to examine undeveloped claims, nor to make arguments for parties"].)

Father also requests that we reach the merits of his appeal because at the time the parties submitted their briefs on appeal, "there [was] a split of authority among the various Courts of Appeal . . . concerning whether a younger male sibling of a sexually abused sister is at substantial risk for sexual abuse, and the matter is currently pending in

the California Supreme Court." As discussed below, after the parties submitted their briefs on appeal, the California Supreme Court resolved any split of authority by holding that a father's sexual abuse of his own child may provide substantial evidence to support a finding that all his minor children, regardless of their sex, are juvenile court dependents. (*In re I.J.* (May 9, 2013, S204622) 56 Cal.4th 766, __, __ [2013 Cal. Lexis 4005, *2, *24-*25].) In any event, father does not further discuss why any split of authority on this issue would have made it justiciable.

### B.    Substantial Evidence

Assuming the justiciability of father's contention that there was not substantial evidence to support the juvenile court's jurisdictional findings that M.P. was at risk of being sexually abused by father, we alternatively hold that it is not meritorious. On appeal, we review the juvenile court's finding of jurisdiction for substantial evidence. (*In re J.K.* (2009) 174 Cal.App.4th 1426, 1433.) "The term 'substantial evidence' means such relevant evidence as a reasonable mind would accept as adequate to support a conclusion; it is evidence which is reasonable in nature, credible, and of solid value. [Citation.]" (*Ibid.*) "The issue of sufficiency of the evidence in dependency cases is governed by the same rules that apply to other appeals." (*In re L.Y.L.* (2002) 101 Cal.App.4th 942, 947.) An appellate court does not evaluate the credibility of witnesses, reweigh the evidence, or resolve evidentiary conflicts. (*Ibid.*; *In re Ricardo L.* (2003) 109 Cal.App.4th 552, 564 [issues of fact and credibility are questions for the trier of fact].) Instead, the reviewing court draws all reasonable inferences in support of the juvenile court's findings, considers the record most favorably to the juvenile court's order, and affirms the order if it is supported by substantial evidence even if other evidence supports a contrary conclusion. (*In re L.Y.L.*, *supra*, 101 Cal.App.4th at p. 947.)

With regard to the sexual abuse findings, the juvenile court found that M.P. was a child described by section 300, subdivisions (b), (d), and (j). Section 300, subdivisions (b), (d), and (j) provides in pertinent part: "Any child who comes within any of the following descriptions is within the jurisdiction of the juvenile court which may adjudge

that person to be a dependent child of the court: [¶] (b) The child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the child, or the willful or negligent failure of the child's parent or guardian to adequately supervise or protect the child from the conduct of the custodian with whom the child has been left, or by the willful or negligent failure of the parent or guardian to provide the child with adequate food, clothing, shelter, or medical treatment, or by the inability of the parent or guardian to provide regular care for the child due to the parent's or guardian's mental illness, developmental disability, or substance abuse. . . . [¶] . . . [¶] (d) The child has been sexually abused, or there is a substantial risk that the child will be sexually abused, as defined in Section 11165.1 of the Penal Code, by his or her parent or guardian or a member of his or her household, or the parent or guardian has failed to adequately protect the child from sexual abuse when the parent or guardian knew or reasonably should have known that the child was in danger of sexual abuse. . . . [¶] . . . [¶] (j) The child's sibling has been abused or neglected, as defined in subdivision (a), (b), (d), (e), or (i), and there is a substantial risk that the child will be abused or neglected, as defined in those subdivisions. The court shall consider the circumstances surrounding the abuse or neglect of the sibling, the age and gender of each child, the nature of the abuse or neglect of the sibling, the mental condition of the parent or guardian, and any other factors the court considers probative in determining whether there is a substantial risk to the child."

Subdivisions (b), (d), and (j) of section 300 require a finding of a substantial risk that M.P. would be sexually abused by father. Father contends that the evidence that he sexually abused S.P., by itself, was insufficient to support a finding that her younger male sibling, M.P., was at risk of sexual abuse. Under the facts of this case there is substantial evidence supporting the conclusion that M.P. was at risk of sexual abuse.

At the time father submitted his briefs, he acknowledged that there was a split among the various courts of appeal concerning whether a younger male sibling of a sexually abused sister is at substantial risk for sexual abuse, and that the matter was

9

pending in the California Supreme Court. As noted, while this appeal was pending the California Supreme Court issued its opinion in *In re I.J.*, *supra*, 56 Cal.4th 766 [2013 Cal. Lexis 4005] resolving that split of authority and, therefore, we invited the parties to provide letter briefs discussing that case.

In *In re I.J.*, *supra*, 56 Cal.4th 766 [2013 Cal. Lexis 4005], the juvenile court found that over a three-year period the father had raped I.J., his daughter, and the abuse supported the juvenile court's order declaring I.J., her younger sister, and I.J.'s three younger brothers, to be dependants of the juvenile court. (*Id*. at p. __ [2013 Cal. Lexis 4005, at p *4].) The juvenile court sustained the allegations under section 300, subdivision (b), (d), and (j), finding that "'on prior occasions for the past three years,' father sexually abused I.J. 'by fondling the child's vagina and digitally penetrating the child's vagina and forcefully raped the child by placing the father's penis in the child's vagina. On prior occasions, the father forced the child to expose the child's vagina to the father and the father orally copulated the child's vagina. On a prior occasion the father forced the child to watch pornographic videos with the father. [I.J.] is afraid of the father due to the father's sexual abuse of [I.J.] The sexual abuse of [I.J.] by the father endangers [I.J.'s] physical health and safety and places the child and child's siblings . . . at risk of physical harm, damage, danger, sexual abuse and failure to protect.'" (*Id*. at p. __ [2013 Cal. Lexis 4005, at p. *3].)

The Court of Appeal unanimously held that the evidence was sufficient to support the juvenile court's finding that father had sexually abused I.J., and that the abuse supported the juvenile court order declaring I.J. and her sister to be dependants of the juvenile court. The majority of the justices of the Court of Appeal upheld the jurisdictional finding that I.J.'s sexual abuse also warranted the juvenile court's order declaring her brothers to be dependents of the juvenile court. *(In re I.J.*, *supra*, 56 Cal.4th at p. __ [2013 Cal. Lexis 4005, *4-*5].)

The only issue before the Supreme Court in *In re I.J.*, *supra*, 56 Cal.4th 766 [2013 Cal. Lexis 4005] was whether evidence that father sexually abused his daughter supports the juvenile court's finding that his sons are dependents of the juvenile court under

10

section 300. (*Id*. at p. __ [2013 Cal. Lexis 4005, at p. *5].) Although there was no evidence that father physically abused or neglected the boys, the Supreme Court in affirming the Court of Appeal's judgment, stated, "We conclude that a father's prolonged and egregious sexual abuse of his own child may provide substantial evidence to support a finding that all his children are juvenile court dependents." (*Id*. at p. __ [2013 Cal. Lexis 4005, at p. *2].)

While the juvenile court had found, and the Court of Appeal affirmed, jurisdiction over the male siblings under section 300, subdivisions (b), (d), and (j), the Supreme Court focused only on subdivision (j). (*In re I.J.*, *supra*, 56 Cal.4th at pp. __, __ [2013 Cal. Lexis 4005, *9-*11, *19-*21].) The court explained that when a dependency petition alleges multiple grounds, a reviewing court will affirm if any one of them provides a basis for jurisdiction. (*Id*. at p. __ [2013 Cal. Lexis 4005, at pp. *8-*9].) The court stated that the broad language of section 300, subdivision (j), requires the juvenile court to consider "'the totality of the circumstances of the child and his or her sibling in determining whether the child is at substantial risk of harm, within the meaning of *any* of the subdivisions enumerated in subdivision (j). The provision thus accords the trial court greater latitude to exercise jurisdiction as to a child whose sibling has been found to have been abused than the court would have in the absence of that circumstance.' [Citation.]" *(In re I.J.*, *supra*, 56 Cal.4th at p. __ [2013 Cal. Lexis 4005, *10-*11].)

Although the Supreme Court assumed that because the father sexually abused his daughter that the father's other daughter was at greater risk of being of sexual abuse than were his sons, the court stated that, "'Some risks may be substantial even if they carry a low degree of probability because the magnitude of the harm is potentially great. . . .' [Citation.]" *(In re I.J.*, *supra*, 56 Cal.4th at pp. __, __ [2013 Cal. Lexis 4005, *19, *24].) The Supreme Court agreed with the Court of Appeal's conclusion that, "'The juvenile court is mandated to focus on "ensur[ing] the safety, protection, and physical and emotional well-being of children who are at risk" of physical, sexual or emotional abuse. (§ 300.2.) That is what the court did here.'" (*Id*. at p. __ [2013 Cal. Lexis 4005, at p. *25].)

11

There is substantial evidence to support the juvenile court's jurisdictional findings that M.P. was at risk of being sexually abused by father. S.P. stated that father began to sexually abuse her when she was seven years old. S.P. stated that father had touched her breast and vaginal area. S.P. said that (1) she would be wearing a robe and dressing, and father would look at and touch her vagina with his hand, and squeeze her breast, (2) father would sexually abuse her in the bedroom or bathroom after she showered, and (3) father would sit near her on the couch and touch her clothes over her vagina while they were watching television. S.P. stated that father touched her vaginal area approximately five times in 2011. She said that mother was present during the incidents of sexual abuse, and she told mother about the father's sexual abuse "numerous times." The evidence showed that father did not stop sexually abusing S.P. even after mother told father to stop touching S.P. S.P. said that she was afraid of father, believed that he would hit her if she spoke to anyone about the abuse, and did not feel safe at home. Based on the totality of the circumstances of father's sexual abuse of S.P., it was reasonable for the juvenile court to conclude that M.P. was at *risk* of being sexually abused by him.

*In re I.J.*, *supra*, 56 Cal.4th 766 [2013 Cal. Lexis 4005] disapproved of *In re Alexis S*. (2012) 205 Cal.App.4th 48; *In re Maria R*. (2010) 185 Cal.App.4th 48; *In re Rubisela E*. (2000) 85 Cal.App.4th 177, cases relied upon by father in support of his contention that the evidence of his sexual abuse of S.P., by itself, was insufficient to support a finding that M.P., S.P.'s younger male sibling, was at risk of sexual abuse. (*In re I.J.*, *supra*, 56 Cal.4th at p. __ [2013 Cal. Lexis 4005, at p. *26].) Father however contends that *In re I.J.*, *supra*, 56 Cal.4th 766 [2013 Cal. Lexis 4005] is inapposite because unlike in that case, there is no evidence here that father digitally penetrated the child's vagina, forcefully raped the child by placing his penis in the child's vagina, forced the child to expose the child's vagina to him, orally copulated the child's vagina, or forced the child to watch pornographic videos with him. Although the specific facts of a father's sexual abuse of his daughter may vary from case to case, it is reasonable to conclude, based on the facts discussed above, that father's conduct here was sufficiently egregious and M.P. was at risk of being sexually abused by him. "[R]elevant to the

totality of the circumstances surrounding the sibling abuse is the violation of trust shown by sexually abusing one child while the other children were living in the same home and could easily have learned of or even interrupted the abuse. '[S]exual or other serious physical abuse of a child by an adult constitutes a fundamental betrayal of the appropriate relationship between the generations. . . . When a parent abuses his or her own child, . . . the parent also abandons and contravenes the parental role. Such misparenting is among the specific compelling circumstances which may justify state intervention, including an interruption of parental custody. (See § 300, subds. (d), (e), (j).)' [Citation.]" (*Id*. at p. __ [2013 Cal. Lexis 4005, at pp. *20-*21].)

Under the applicable standard of review, we resolve all conflicts in favor of the juvenile court's order and indulge all reasonable inferences from the evidence, and do not substitute our conclusions for those of the juvenile court. When the evidence of abuse in this case is reviewed within the limitations of those well-established principles, we conclude that there was sufficient evidence to support a reasonable inference that father's behavior towards S.P. was "so sexually aberrant that both male and female siblings of [S.P. were] at substantial risk of sexual abuse . . . ." (*In re Karen R.* (2001) 95 Cal.App.4th 84, 90-91.) The substantial evidence shows that "[s]iblings of sexually abused children are at substantial risk of harm and are entitled to protection by the juvenile courts." (*In re P.A.* (2006) 144 Cal.App.4th 1339, 1347.) The juvenile court's finding of a substantial risk of sexual abuse of M.P. was supported by substantial evidence and did not exceed the bounds of reason.

13

**DISPOSITION**

The juvenile court's orders are affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

MOSK, J.

We concur:

ARMSTRONG, Acting P. J.

KRIEGLER, J.

14