Filed 7/31/14  Conservatorship of A.G. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| Conservatorship of Person of A.G. | H037966<br>(Santa Clara County<br>Super. Ct. No. MH035405) |
| DONALD MOODY, as Public Guardian etc.,<br><br>     Petitioner and Respondent,<br><br>v.<br><br>A.G.,<br><br>     Objector and Appellant. | ORDER |

The above-captioned opinion, which was filed on July 11, 2014, is hereby modified as follows:

On page 3, the third sentence of the first paragraph of part II is modified to read: Conservatee acknowledges this appeal may be "technically" moot but urges us to exercise our discretion to reach the merits because "the issues raised in this appeal are important and extend beyond the terminated conservatorship."

1

There is no change in the judgment.

The petition for rehearing is denied.

_____

Grover, J.

_____

Premo, Acting P.J.

_____

Mihara, J.

2

Filed 7/11/14  Conservatorship of Person of A.G. CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| Conservatorship of Person of A.G. | H037966<br>(Santa Clara County<br>Super. Ct. No. MH035405) |
| DONALD MOODY, as Public Guardian etc.,<br><br>      Petitioner and Respondent,<br><br>v.<br><br>A.G.,<br><br>      Objector and Appellant. | |

Conservatee A.G. challenges the trial court's reappointment of the Santa Clara County Public Guardian (public guardian) as conservator of his person and estate under the Lanterman-Petris-Short (LPS) Act (LPS Act).  (Welf. & Inst. Code, § 5350 et seq.)[1]  For the reasons stated here, we will dismiss the appeal as moot.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Conservatee was charged in 2003 with several Penal Code violations due to an incident in which he allegedly brandished a knife, threatened a neighbor with it, fled in his mother's car, and resisted arrest.  The court suspended the criminal proceedings and

---

[1] Unspecified statutory references are to the Welfare and Institutions Code.

committed conservatee to Napa State Hospital pursuant to Penal Code section 1370. After three years there, hospital staff determined he could not be restored to competence and returned him to the Santa Clara County Jail's mental health unit.

In conjunction with conservatee's return to jail, the public guardian petitioned for appointment of an LPS conservator. In support of the petition, the public guardian submitted a report by a physician who examined conservatee, diagnosed him with chronic schizophrenia, and recommended conservatorship. The report detailed the following symptoms and behavior: paranoid delusions, psychosis, auditory hallucinations, failure to cooperate with staff, threats to kill staff, and poor self-control. The report concluded that conservatee would be unable to provide for food, clothing, or shelter if released and therefore recommended finding conservatee gravely disabled within the meaning of section 5008, subdivision (h)(1). After a hearing, the court found conservatee was gravely disabled, appointed the public guardian as LPS conservator, and committed conservatee to a mental health facility.

Conservatee has remained in locked mental health facilities since 2006 and the public guardian has filed annual petitions for reappointment under section 5361. The petitions proceeded with little opposition from conservatee until April 2011. In preparation for the required evidentiary hearing, the public guardian arranged for John Chamberlain, M.D. to evaluate conservatee at conservatee's mental health facility in Santa Cruz. Conservatee refused to meet with Dr. Chamberlain on two occasions. The public guardian did not seek a court order to compel conservatee to submit to an examination.

After conservatee's refusal to meet with the public guardian's expert, at a November 2011 hearing the public guardian argued conservatee should not be afforded an evidentiary hearing because he refused to submit to a psychiatric evaluation. The court indicated it was inclined to forego an evidentiary hearing and rule based on the

petition and associated opinions from conservatee's treating physicians. The court continued the proceedings until December 2011 to allow the parties to brief the matter.

At the continued hearing, counsel for conservatee argued that refusing to hold an evidentiary hearing denied conservatee due process because it would alleviate the public guardian of its duty to prove conservatee's grave disability beyond a reasonable doubt and would prevent conservatee from having the opportunity to attend the hearing and testify. Counsel for the public guardian argued that the court should impose an "issue sanction" such that conservatee would not be able to contest that he poses a substantial risk of harm to others because of his mental illness. The court ultimately granted the petition for reappointment on December 21, 2011 without holding an evidentiary hearing "based on the evidentiary sanctions, failure to submit to the examination on two different occasions." In its order reappointing the public guardian as conservator, the trial court found conservatee gravely disabled under both section 5008, subdivision (h)(1)(A) and section 5008, subdivision (h)(1)(B).

## II.    DISCUSSION

Before oral argument, we invited the parties to submit supplemental briefing to address whether this appeal is moot. The public guardian argues that the appeal is moot, that exceptions to mootness do not apply, and requests that we dismiss the appeal. Conservatee concedes this appeal is "technically" moot but urges us to exercise our discretion to reach the merits because "the issues raised in this appeal are important and extend beyond the terminated conservatorship."

"A case is moot when the decision of the reviewing court 'can have no practical impact or provide the parties effectual relief.' [Citations.]" (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214.) "When no effective relief can be granted, an appeal is moot and will be dismissed." (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315.) " '[A]lthough a case may originally present an existing controversy, if before decision it has, through act of the parties or other cause, occurring

after the commencement of the action, lost that essential character it becomes a moot case or question which will not be considered by the court [Citations].' " (*Wilson v. L. A. County Civil Service Com.* (1952) 112 Cal.App.2d 450, 453, quoting 1 C.J.S., Actions, § 17a, p. 1012.)

"A conservator of the person, of the estate, or of the person and the estate may be appointed for any person who is gravely disabled as a result of mental disorder or impairment by chronic alcoholism." (§ 5350.) Once an LPS Act conservatorship is imposed, a conservator has extensive control over the activities and decisions of the conservatee, often including the right to refuse or consent to medical treatments over the objection of the conservatee. (§ 5357; see also § 5357, subds. (d), (e).) Given the significant liberty deprivation, an LPS conservatorship terminates after one year, although the conservator may petition the court for reappointment. (§ 5361.) Any reappointment likewise expires after one year. (§ 5361.)

Conservatee challenges the court's December 2011 decision reappointing the public guardian as his conservator. That conservatorship expired in December 2012 by operation of law. (§ 5361.) While this case originally presented a live controversy, the expiration of the challenged conservatorship eliminated our ability to provide effectual relief to the parties, thereby rendering the appeal moot. (*Wilson, supra,* 112 Cal.App.2d at p. 453.) Although we have discretion to retain jurisdiction and decide the merits of a moot appeal, (*Conservatorship of Susan T.* (1994) 8 Cal.4th 1005, 1011, fn. 5), we decline to do so because we find the fact-intensive issues presented here do not meet the standard of continuing importance and potential repetition evading review.

## III. DISPOSITION

The appeal is dismissed as moot.

_____

Grover, J.

**WE CONCUR:**

_____

Premo, Acting P.J.

_____

Mihara, J.