Filed 2/17/15  P. v. Blaylock CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D066206 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. FWV033941) |
| JON CHRISTOPHER BLAYLOCK, | |
| Defendant and Respondent. | |


APPEAL from a judgment of the Superior Court of San Bernardino County, Ingrid Adamson Uhler, Judge.  Reversed.


Michael A. Ramos, District Attorney, and Grace B. Parsons, Deputy District Attorney, for Plaintiff and Appellant.

Ronald Richard Boyer, under appointment by the Court of Appeal, for Defendant and Respondent.

In this case, by way of an order granting defendant and respondent Jon Christopher Blaylock's motion for a judgment notwithstanding the verdict (JNOV) in a

proceeding under Penal Code[1] section 1368, the trial court determined that Blaylock was not competent to stand trial and ordered that he receive treatment until he was restored to competency and that the criminal action against him be suspended. While the People's appeal from the order granting Blaylock's motion was pending, the medical director of the hospital treating Blaylock reported to the trial court that his competency had been restored; accordingly, the trial court ordered that proceedings in the underlying criminal action be reinstated. In light of these circumstances, it is clear the People's appeal is now moot. However, in order to assure that the trial court's order has no further impact in the pending criminal proceeding, at Blaylock's suggestion, we reverse the trial court's order and direct that the section 1368 proceedings be dismissed.

FACTUAL AND PROCEDURAL BACKGROUND

On January 10, 2005, Manuel Gonzalez, Jr., a prison guard, was killed while on duty. Blaylock was charged in an information with Gonzalez's murder on March 21, 2007. The information alleged as a special circumstance that, at the time of his death, Gonzalez was a peace officer engaged in the performance of his duties and that Blaylock knew or reasonably should have known Gonzalez was a peace officer engaged in the performance of his duties. (§ 190.2, subd. (a)(7).) The information also alleged that Blaylock was serving a life term and assaulted Gonzalez with a deadly weapon, a knife, and with force likely to produce great bodily injury. (§§ 190.3, 4500.) In addition, it was alleged that Blaylock had suffered prior serious or violent felony convictions within the meaning of sections 1170.12, subdivisions (a) through (d) and 667, subdivision (b), and

---

1       All further statutory references are to the Penal Code unless otherwise indicated.

2

prior prison terms within the meaning of section 667.5, subdivision (a).

On March 19, 2010, the trial court declared doubt as to Blaylock's capacity to stand trial and, under the provisions of section 1368, stayed the criminal proceedings against him. The trial court appointed experts to evaluate Blaylock and conducted a 13-day trial as to Blaylock's capacity in October and November 2012. At the trial, seven mental health professionals (three forensic experts and four experts who had treated Blaylock) testified. They all agreed that Blaylock suffered from severe grandiose delusions and that these delusions prevented him from cooperating with his counsel, because, when his delusions were challenged, he became unable to assist and cooperate with counsel. A legal expert testified as to the particular need for effective communication with respect to a defendant's social history in the penalty phase of a capital case. Notwithstanding the uncontradicted testimony of the mental health experts, the jury returned a verdict determining Blaylock was competent to stand trial.

Blaylock moved for a JNOV or, in the alternative, for a new trial. The trial court granted Blaylock's JNOV motion and directed that Blaylock be committed to a state hospital until he was competent to stand trial.

The People filed a timely notice of appeal.

On October 28, 2013, while the People's appeal was pending, the medical director of the state hospital where Blaylock was being treated reported that in the opinion of Blaylock's attending physician and the staff of the hospital, Blaylock had been restored to competency and was able to cooperate rationally with his attorneys. On June 2, 2014, the trial court found Blaylock competent to stand trial and reinstated proceedings against him.

3

In light of the trial court's postjudgment determination that he is competent, Blaylock moved to dismiss the People's appeal as moot. As we explain, we agree that the People's appeal is moot. However, rather than dismissing the appeal, which would have the effect of affirming the trial court's order, we reverse the trial court's order as moot and direct that the section 1368 proceedings initiated in the trial court be dismissed and thereby avoid a disposition that on remand might prejudice either Blaylock or the People.

DISCUSSION

An appeal is moot when it has become "impossible for the court to render effective judgment for a party." (*La Jolla Cove Motel & Hotel Apartments, Inc. v. Superior Court* (2004) 121 Cal.App.4th 773, 781 (*La Jolla*).) "As the Court of Appeal stated in *Wilson v. L.A. County Civil Service Com.* (1952) 112 Cal.App.2d 450, 453, '"although a case may originally present an existing controversy, if before decision it has, through act of the parties or other cause, occurring after the commencement of the action, lost that essential character, it becomes a moot case or question which will not be considered by the court."'" (*Ibid.*)

"Effective relief" means "a remedy that can have a practical, tangible impact on the parties' conduct or legal status." (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1490.) We may ignore technical mootness in an individual case and decide a case where the question presented on the merits is one of broad public importance and is likely to recur. (*La Jolla*, *supra*, 121 Cal.App.4th at p. 781.)

Here, there is no question that in light of the trial court's determination that Blaylock is now competent, there is no effective relief we can provide the People. Were we to agree with the People and reverse the order granting Blaylock's JNOV motion, at

4

most we would remand and direct that the jury's verdict be reinstated.  In light of the trial court's intervening determination that Blaylock *is* competent, such a remand would have no practical effect: criminal proceedings have already been reinstated by the trial court.  In this regard, the People do raise one matter of concern.  They note that an order dismissing an appeal has the effect of affirming the order from which an appeal is taken (see *In re Jasmon O.* (1994) 8 Cal.4th 398, 413); the People assert that a final order finding that at one point Blaylock was not competent to stand trial might be used by Blaylock either in the trial court or in further proceedings in defending the charges against him or in mitigating any punishment that might be imposed.

In response to the People's concerns about the impact of an order dismissing the People's appeal, Blaylock has suggested we may instead reverse as moot the order granting his JNOV motion and remand with instructions that the prior section 1368 proceedings be dismissed.  (See *Giles v. Horn* (2002) 100 Cal.App.4th 206, 229.)  As the court in *Giles v. Horn* stated:  """Where an appeal is disposed of upon the ground of mootness without reaching the merits, in order to avoid ambiguity, the preferable procedure is to reverse the judgment with directions to the trial court to dismiss the action for having become moot prior to its final determination on appeal."""  We agree that reversal with instructions that the prior proceedings be dismissed will resolve the concerns the People have raised, because such a remand will leave nothing in the record that might prejudice the People's case against Blaylock.[2]

---

[2]    In this regard the People note that, upon dismissal of the section 1368 proceedings, the trial court's order finding that Blaylock is now competent to stand trial will become something of a nonsequitur.  As a practical matter, we see no real possibility that the order finding Blaylock competent will interfere with the People's prosecution of

Parenthetically, we note that there is nothing in the record on appeal which suggests that the trial court's ruling on the motion for a JNOV raises any matter of broad public importance that would nonetheless warrant our consideration of the merits of the People's appeal.

## DISPOSITION

The order granting Blaylock's JNOV motion is reversed as moot.  On remand, the trial court is directed to vacate the proceedings initiated under section 1368.

BENKE, Acting P. J.

WE CONCUR:

NARES, J.

IRION, J.

---

Blaylock.  Should that occur, the People are of course free to seek extraordinary relief in this court.