Filed 1/31/23  P. v. Seaton CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LEON SEATON,<br><br>    Defendant and Appellant. | B312805<br><br>(Los Angeles County<br>Super. Ct. No. NA115193) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura Laesecke, Judge.  Remanded for resentencing.

Susan Morrow Maxwell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

After a jury found Leon Seaton guilty of first degree burglary, the trial court found that he had two prior strike convictions within the meaning of the Three Strikes law, struck one of the strikes, and sentenced him to the upper term, doubled based on the remaining strike. Seaton now appeals, contending that remand is required based on recent amendments to Penal Code[1] section 1170 and that there are other sentencing errors. We agree that remand for resentencing is required.

## BACKGROUND

On the morning of August 27, 2020, Caitlyn Lindgren heard a loud bang come from the front of her house. Looking out, she saw someone in her storage shed. Lindgren called 911. Responding police officers found Seaton on a neighbor's property and arrested him. Seaton was charged with first degree burglary, person present (§ 459), and a jury found him guilty as charged.

On May 4, 2021, the trial court held a court trial on two prior strike convictions that had been alleged under the Three Strikes law against Seaton. The prosecutor moved to dismiss the prior strikes based on their age and per a directive of the District Attorney's Office, but the trial court declined to dismiss them. The People proceeded to prove them by submitting two packets of certified prison records, i.e., 969b packets.[2] The first packet stated that Seaton had suffered a first degree burglary conviction (§ 459) on October 12, 1999. The second packet showed that

[1]     All further undesignated statutory references are to the Penal Code.

[2]     Certified prison records submitted under section 969b are often referred to as 969b packets. (See, e.g., *People v. Gibson* (2015) 239 Cal.App.4th 1151, 1153.)

Seaton had a conviction for first degree robbery (§ 211) on December 14, 2005. In response to this evidence, defense counsel argued that the documents were insufficient to prove the prior strikes. The trial court found that Seaton had suffered the robbery conviction, stating it recognized the judge and the deputy district attorney involved in that conviction and Seaton's photograph. As to the burglary conviction, the trial court said it recognized the judge and Seaton's photograph. The trial court accordingly found that the People had proven the prior strike convictions beyond a reasonable doubt.

Moving to sentencing, the trial court said it would not sentence Seaton to a life term because he did not have a weapon, so it struck the 1999 prior strike under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. Noting that Seaton had not resisted arrest, the trial court also declined to impose the five-year prior (§ 667, subd. (a)). The trial court then sentenced Seaton to the high term of six years, doubled due to the remaining strike, to 12 years in prison.

## DISCUSSION

Seaton contends that remand is necessary so that the trial court can reconsider his sentence under newly amended section 1170. Effective January 1, 2022, Senate Bill No. 567 (2020–2021 Reg. Sess.) amended section 1170 to provide that a trial court may impose the upper term only "when there are circumstances in aggravation of the crime" that justify imposing a term of imprisonment exceeding the middle term, and the defendant has stipulated to the facts underlying those circumstances or those facts have been found true beyond a reasonable doubt at trial by the trier of fact. (§ 1170, subd. (b)(2); see generally *People v. Lopez* (2022) 78 Cal.App.5th 459, 464–465.) Newly amended

section 1170, subdivision (b), thus makes the middle term the presumptive term.[3] Here, the trial court imposed the upper term of six years for the burglary conviction. The People agree, as do we, that Senate Bill No. 567 applies retroactively to Seaton and that remand is necessary for reconsideration of the sentence under section 1170. (See, e.g., *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 [People properly conceded Senate Bill No. 567 is retroactive].)

Because we are remanding for resentencing, Seaton's remaining contentions are largely moot. (See *People v. Ramirez* (2019) 35 Cal.App.5th 55, 64 [on remand for resentencing, trial court may reconsider entire sentence and modify any aspect of it].) Thus, as to Seaton's contention that the trial court abused its discretion by refusing to strike his 2005 prior strike conviction, Seaton may refile any *Romero* motion he deems necessary on remand.

To guide the trial court on remand, although the trial court will have the option of imposing the five-year enhancement under section 667, subdivision (a), should the trial court again decide not to impose the enhancement, then it should be stricken and not stayed. (See generally *People v. Lopez* (2004) 119 Cal.App.4th 355, 364 [enhancement should be imposed or stricken, not stayed, under section 1385].)

Further, for the purposes of calculating custody credits, a defendant convicted of a felony is entitled to credit for all days in

---

[3]     Although not relevant here, section 1170, subdivision (b)(6), provides that the lower term shall be the presumptive term if the trial court finds that any specified factors were a "contributing factor" to the crime's commission and aggravating circumstances do not outweigh mitigating ones.

custody, beginning with the day of arrest and continuing to the day of sentencing. (§ 2900.5; *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48.) The trial court gave Seaton only 250 days of actual days in custody. However, he is entitled to 251 days of actual custody credits from his August 27, 2020 arrest to the May 4, 2021 sentencing hearing. Any recalculation of actual custody credits should account for the 251 days of actual days in custody during that period.

Finally, as to Seaton's contention there was insufficient evidence that he suffered the 1999 first degree burglary conviction, we recognize that the trial court on remand could reconsider whether to strike that conviction. Nevertheless, it is unlikely in the extreme that the trial court would do so, given the trial court's unequivocal statements that it did not "intend to strike Mr. Seaton out" and that, as it had told counsel during trial, "my intent was not to give Mr. Seaton a life sentence." We therefore decline to reach the sufficiency of the evidence issue because it is theoretical and speculative on this record that the trial court will do anything but strike the 1999 burglary conviction. (See generally *Wilson v. L.A. County Civil Service Com.* (1952) 112 Cal.App.2d 450, 453 [courts do not decide moot or purely academic questions or abstract propositions].) We also note that even where an appellate court reverses a true finding on a strike allegation for insufficient evidence, the allegation may be retried. (*People v. Barragan* (2004) 32 Cal.4th 236, 259.) Therefore, even if we agreed with Seaton, the allegation could be retried on remand.

**DISPOSITION**

The sentence is vacated, and the matter is remanded for resentencing. The judgment of conviction is otherwise affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

RICHARDSON (ANNE K.), J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.