Filed 5/9/16  JP Morgan Chase Bank v. Lisandros, LLC CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A.,<br><br>        Plaintiff, Cross-defendant and Respondent,<br><br>        v.<br><br>LISANDROS, LLC,<br><br>        Defendant, Cross-complainant and Appellant. | B260557<br><br>(Los Angeles County<br>Super. Ct. No. SC114754) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Craig Karlan, Judge.  Affirmed.

Law Office of James E. McDaniel and James E. McDaniel for Defendant, Cross-complainant and Appellant.

Bryan Cave, Christopher L. Dueringer and Richard P. Steelman, Jr., for Plaintiff, Cross-defendant and Respondent.

* * * * * *

Lisandros, LLC (Lisandros) appeals from the judgment of dismissal entered in favor of JP Morgan Chase Bank, N.A. (Chase). According to Lisandros's operative pleading, Lisandros purchased a junior lien holder's stake in real property at a nonjudicial foreclosure sale, subject to Chase's senior lien position. As we shall explain, Lisandros's claims against Chase relate to a loan modification agreement between Chase and the homeowner. Chase moved for judgment on the pleadings, and the trial court granted that motion without leave to amend. We affirm.

## FACTS AND PROCEDURE

The operative pleading is Lisandros's first amended cross-complaint, which alleged as follows. In 1989, Farhad and Linda Tahmassebi purchased the subject property at 659 Kingman Avenue in Santa Monica. (For the sake of clarity, we will refer to the Tahmassebis by their first names when necessary.) Farhad transferred the subject property to Linda as her sole and separate property in 2001. At the same time, Linda obtained a $1 million loan secured by the subject property from Chase (Chase loan).[1]

For several years after securing the Chase loan, Linda obtained other loans secured by the subject property from various individuals and entities. Linda obtained one of these other loans from Jerald and Kathy Cox in 2003. The Coxes loaned Linda $100,000. Both the Chase loan and the Cox loan were secured by deeds of trust recorded against the subject property.

Later, the Coxes reconveyed their deed of trust to Linda, even though she had not fully repaid the Cox loan, so that Linda could borrow $980,000 more from Chase. In 2006, Chase recorded a second deed of trust against the subject property memorializing a loan of $1,980,000 (second Chase loan). After obtaining the second Chase loan, Linda

---

[1] Chase's predecessor-in-interest, Washington Mutual Bank, F.A., actually made the loan, but we need not distinguish between the two for our purposes.

2

signed a new promissory note acknowledging the $100,000 debt to the Coxes, and the Coxes recorded another deed of trust against the subject property.

Linda defaulted on the loan payments to the Coxes, and in August 2010, the Coxes' trustee recorded and served a notice of default on Linda. In December 2010, Linda transferred the subject property to Farhad with an interspousal transfer deed.

The Coxes' trustee conducted a nonjudicial foreclosure sale of the subject property in October 2011. Lisandros bought the subject property, "subject to senior interests including, but not limited to, [the] Second Chase Loan," for $98,730. In November 2011, Linda executed a loan modification agreement with Chase that caused the principal amount of the second Chase loan to increase from $1,980,000 to $2,087,902.90.

Lisandros alleged several causes of action against Linda and Farhad not at issue in this appeal. As pertinent here, Lisandros alleged causes of action for cancellation of instrument against Chase and Linda and declaratory relief against Chase, Linda, and Farhad. Lisandros sought to cancel the loan modification agreement into which Chase and Linda had entered or a declaration otherwise voiding the agreement.[2] Lisandros alleged the loan modification agreement "will cause serious injury to Lisandros and will be used vexatiously against it, because it encumbers the Property with more debt for which Linandros [*sic*] has no liability."

Chase filed a motion for judgment on the pleadings and a request for judicial notice of a recorded document rescinding the loan modification agreement (the rescission). (Chase also requested judicial notice of the recorded loan modification agreement, though Lisandros had already attached that document as an exhibit to the cross-complaint.) Chase argued that the sole basis for Lisandros's claims against Chase was that the loan modification agreement injured Lisandros by encumbering the property

---

**2**   Linda and Farhad apparently initiated this action against Lisandros, the Coxes, and the Coxes' trustee. The complaint in this matter is not at issue, however—only the cross-complaint Lisandros brought against Chase, Linda, and Farhad.

3

with more debt, which Linda had no authority to do after the foreclosure sale. But Chase rescinded the loan modification agreement in August 2014, as evidenced by the notice of rescission it had recorded. The loan modification agreement became effective only if certain preconditions were satisfied, and they had not been satisfied. Chase's rescission of the loan modification agreement restored the parties to the status quo ante, when the terms of the second Chase loan were in effect. Chase's rescission had thus resolved the controversy between Lisandros and Chase, and Chase was entitled to a judgment of dismissal in its favor.

The court granted Chase's motion for judgment on the pleadings without leave to amend and granted the request for judicial notice of the rescission. The court held the causes of action for cancellation of instrument and declaratory relief against Chase were no longer viable. The causes of action sought to void the loan modification agreement, and the rescission had in fact voided the agreement. The court further held that Lisandros could not amend the cross-complaint to pursue the theory that the loan modification agreement extinguished Chase's senior lien position. The modification of the second Chase loan affirmed the continuing validity of the loan. It was not a novation that extinguished the previous loan agreement, as Lisandros was urging in opposition to the motion. The court entered a judgment of dismissal with prejudice against Lisandros and in favor of Chase. Lisandros filed a timely notice of appeal.

## STANDARD OF REVIEW

We review de novo the court's granting a judgment on the pleadings. (*Ludgate Ins. Co. v. Lockheed Martin Corp.* (2000) 82 Cal.App.4th 592, 602 (*Ludgate*).) We accept as true all material facts alleged in the complaint and determine whether the complaint states a cause of action as a matter of law. (*Ibid.*) As with demurrers, we may consider exhibits to the complaint and matters that may be judicially noticed. (Code Civ. Proc., § 438, subd. (d); *Hoffman v. Smithwoods RV Park, LLC* (2009) 179 Cal.App.4th 390, 400; *Ludgate, supra*, at p. 602.)

We review the denial of leave to amend for abuse of discretion. (*Ludgate, supra*, 82 Cal.App.4th at p. 602.) We also review a ruling on a request for judicial notice for

4

abuse of discretion. (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 264 (*Fontenot*), disapproved on another ground by *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 939, fn. 13.)

## DISCUSSION

Lisandros contends we must reverse the judgment for Chase or give Lisandros leave to amend because (1) the court could not take judicial notice of "disputed facts" or "hearsay statements" contained in the rescission; (2) Chase waived the right to rescind the loan modification agreement because it did not promptly rescind; and (3) the loan modification agreement constituted a novation extinguishing Chase's prior loan agreement and thus its senior lien position. None of these contentions convince us the court erred.

To begin with, the court did not err in taking judicial notice of the recorded rescission. Lisandros argues the court could not judicially notice disputed facts or hearsay statements in the rescission, but it does not identify any particular statements in the document to which it objects. Generally, the court had the authority to judicially notice the rescission and the document's "legally operative language." (*Fontenot, supra*, 198 Cal.App.4th at p. 265.)

"Evidence Code section 452, subdivisions (c) and (h), respectively, permit a court, in its discretion, to take judicial notice of '[o]fficial acts . . . of any state of the United States' and '[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy.' [¶] Pursuant to these provisions, courts have taken judicial notice of the existence and recordation of real property records, including deeds of trust, when the authenticity of the documents is not challenged. [Citations.] The official act of recordation and the common use of a notary public in the execution of such documents assure their reliability, and the maintenance of the documents in the recorder's office makes their existence and text capable of ready confirmation, thereby placing such documents beyond reasonable dispute." (*Fontenot, supra*, 198 Cal.App.4th at pp. 264-265.) Thus, "a court may take judicial notice of the fact of a document's recordation, the

5

date the document was recorded and executed, the parties to the transaction reflected in a recorded document, and the document's legally operative language, assuming there is no genuine dispute regarding the document's authenticity. From this, the court may deduce and rely upon the legal effect of the recorded document, when that effect is clear from its face." (*Id.* at p. 265; see *Yvanova v. New Century Mortgage Corp., supra*, 62 Cal.4th at p. 924, fn. 1.)

Here, Lisandros does not genuinely dispute the authenticity of the rescission. Nor is there any indication in the record that any other party disputed the authenticity of the rescission. Chase, the party who drafted and recorded the rescission, offered the document for judicial notice. We think the authenticity of the document is beyond reasonable dispute. The legally operative language is also clear on its face. Among other things, the rescission states its express purpose "is to rescind the Loan Modification Agreement and thereby: (A) return the priority and existence of all title and lien holders to the status quo-ante as existed prior to the Loan Modification Agreement, and (B) reinstate the terms and provisions of the Deed of Trust dated 02/15/2006" (the deed of trust relating to the second Chase loan). The document then stated: "Now therefore, the undersigned hereby advises all persons that it hereby rescinds the Loan Modification Agreement between JPMorgan Chase Bank, N.A. (lender) and Linda Marie Tahmassebi (borrower) dated 11/09/2011 . . . . The Loan Modification Agreement is and shall be of no force and effect whatsoever." (Capitalization omitted.)

Lisandros's cross-complaint sought to cancel or otherwise void the loan modification agreement. That was the *only* theory on which it proceeded against Chase. The rescission achieved exactly what the causes of action against Chase sought. "[A]lthough a case may originally present an existing controversy, if before decision it has, through act of the parties or other cause, occurring after the commencement of the action, lost that essential character it becomes a moot case or question which will not be considered by the court." (*Wilson v. L.A. County Civil Service Com.* (1952) 112 Cal.App.2d 450, 453.) Accordingly, the court was correct that Chase's rescission rendered the case against Chase moot.

Lisandros's remaining arguments represent not just new theories of liability unpled in the cross-complaint—they represent a complete about-face from the cross-complaint. Instead of voiding the loan modification agreement, Lisandros wants to void Chase's rescission of the loan modification agreement as untimely. And Lisandros wants to void the rescission because it now wants to leave the loan modification agreement in place. Lisandros says the loan modification constituted a novation that extinguished the prior loan agreement with Chase, thereby eliminating Chase's senior lien position. Given that these arguments require a complete change of tack in the cross-complaint, the question is whether the court abused its discretion in denying Lisandros leave to amend. The court did not.

The burden falls on Lisandros to enumerate facts and demonstrate how these facts establish a cause of action, if permitted to amend. (*Total Call Internat. Inc. v. Peerless Ins. Co.* (2010) 181 Cal.App.4th 161, 166.) If Lisandros offers no allegations to support the possibility of amendment or no legal authority demonstrating the viability of the new causes of action, there is no basis for finding the trial court abused its discretion. (*Id.* at p. 173.)

We will assume solely for the sake of argument that Lisandros can show the rescission was ineffective because Chase waited too long to rescind the loan modification. (Chase has compelling arguments that Lisandros is wrong on this point, but we need not address them.) Even if this were true, thereby leaving the loan modification agreement in place, Lisandros has not demonstrated that it has a legally viable theory of novation.

"Novation is the substitution of a new obligation for an existing one." (Civ. Code, § 1530.) Parties may achieve novation "[b]y the substitution of a new obligation between the same parties, with intent to extinguish the old obligation." (Civ. Code, § 1531.) "Novation is made by contract, and is subject to all the rules concerning contracts in general." (Civ. Code, § 1532.) "A modification or alteration, unlike a novation, does not terminate the pre-existing contract." (*Davies Machinery Co. v. Pine Mountain Club, Inc.* (1974) 39 Cal.App.3d 18, 25.) The parties' intent to extinguish rather than merely

7

modify the original agreement must clearly appear, regardless of the extent to which the parties modify a contract. (*Wells Fargo Bank v. Bank of America* (1995) 32 Cal.App.4th 424, 432; *Howard v. County of Amador* (1990) 220 Cal.App.3d 962, 978.) An amendment or modification expressly recognizing and affirming the continuing existence and validity of the original contract does not constitute a novation. (*Howard v. County of Amador, supra*, 220 Cal.App.3d at p. 978.) Moreover, when the parties to a contract deny that a novation occurred and a third party asserts the original contract was extinguished, the third party's burden is a heavy one. (*Id.* at p. 977.) "[A]bsent fraud or collusion, a court would be warranted in finding in favor of the original parties to the contract simply because they were the original parties." (*Id.* at pp. 977-978.)

In this case, Lisandros attached the loan modification agreement as an exhibit to the cross-complaint. The agreement could not be clearer that it merely modifies the prior loan documents and that the parties did not intend to extinguish the prior contract. Besides the fact that the agreement uses some variation of the term "modify" innumerable times, it states: "[T]he provisions of Section 2 of this Loan Modification Agreement ('Agreement') will, as set forth in Section 2, *amend and supplement* (i) the Mortgage on the Property, and (ii) the Note secured by the Mortgage. The Mortgage and Note together, as may previously have been amended, are referred to as the 'Loan Documents.'" (Italics added.) Elsewhere, the agreement affirms the continuing validity of the original loan documents: "[T]he Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed. [¶] [A]ll terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and [Linda] will be bound by, and will comply with, all of the terms and provisions of the Loan Documents." Lisandros does not at all address this clear language demonstrating the loan modification agreement was not a novation as a matter of law.

8

In short, any attempt to amend the cross-complaint to allege a new cause of action based on novation would have been futile.  Such a theory is wholly unsupported.  The court did not, therefore, err in denying Lisandros leave to amend.

## DISPOSITION

The judgment is affirmed.  Chase shall recover costs on appeal.

FLIER, J.

WE CONCUR:

RUBIN, Acting P. J.

GRIMES, J.

9